UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

BRIGID PIERCE,

                                    Plaintiff,

            -against-

CITY OF NEW YORK, et al.,

                                 Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK, RYDER, AND MOSES**

21-CV-3482 (PKC) (JRC)

Jury Trial Demanded

------------------------------------------------------------------x

        Defendants City of New York, Police Officer Joseph Ryder, and Police Officer Danielle Moses, by their attorney, Georgia M. Pestana, Corporation Counsel of the City of New York, for their answer to the Complaint, dated June 21, 2021, respectfully:

        1.      Deny the allegations in paragraph "1" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff joining a protest and any motivation to do so.

        2.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "2" of the complaint, except admit that plaintiff was at a protest around 9:00 P.M. on June 3, 2020 in violation of the curfew order.

        3.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "3" of the complaint.

        4.      Deny the allegations in paragraph "4" of the complaint.

        5.      Deny the allegations in paragraph "5" of the complaint.

        6.      Deny the allegations in paragraph "6" of the complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "7" of the complaint.

8. Deny the allegations in paragraph "8" of the complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "9" of the complaint, except admit that plaintiff was given a lawful summons for violation the curfew order and that plaintiff did, in fact, violate the curfew order.

10. Deny the allegations in paragraph "10" of the complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "11" of the complaint.

12. Deny the allegations in paragraph "12" of the complaint, except admit that Joseph Ryder was employed by the New York City Police Department as a police officer on or about June 3, 2020, and further states that the allegations that Officer Ryder was "acting within the scope of his employment and under color of state law" is a legal conclusion to which no response is required.

13. Deny the allegations in paragraph "13" of the complaint, except admit that Danielle Moses was employed by the New York City Police Department as a police officer on or about June 3, 2020, and further states that the allegations that Officer Moses was "acting within the scope of her employment and under color of state law" is a legal conclusion to which no response is required.

14. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "14" of the complaint as to Officer Said, first name and shield unknown, and further states that the allegations that Officer Said was "acting within the scope of his employment and under color of state law" is a legal conclusion to which no response is required.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "15" of the complaint as it relates to any "John Doe" defendants, and further states that the allegations that the John Doe officers were "acting within the scope of their employment and under color of state law" is a legal conclusion to which no response is required.

16. State that paragraph "16" of the complaint does not contain any factual statements to which a response is required.

17. Deny the allegations in paragraph "17" of the complaint, except admits that the City of New York is a municipal corporation organized under the laws of the State of New York, respectfully refers the Court to the New York City Charter and Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department, and states that the allegations that the City is responsible for the conduct of the defendant officers are legal conclusions to which no response is required.

18. Deny the allegations in paragraph "18" of the complaint, except admits that plaintiff purports to proceed as stated therein.

19. Deny the allegations in paragraph "19" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

20. Deny the allegations in paragraph "20" of the complaint, except admits that plaintiff purports to base venue in this district as stated therein.

21. State that the allegations in paragraph "21" contain a demand for a trial by jury to which no response is required.

22. Admit the allegations in paragraph "22" of the complaint.

23. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "23" of the complaint.

24. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "24" of the complaint.

25. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "25" of the complaint.

26. Deny the allegations in paragraph "26" of the complaint.

27. Admit the allegations in paragraph "27" of the complaint, and refer the Court to the Executive Orders referenced therein for their complete contents.

28. Admit the allegations in paragraph "28" of the complaint, and refer the Court to the Executive Orders referenced therein for their complete contents.

29. Admit the allegations in paragraph "29" of the complaint, and refer the Court to the Executive Orders referenced therein for their complete contents.

30. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "30" of the complaint.

31. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "31" of the complaint.

32. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "32" of the complaint.

33. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "33" of the complaint.

34. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "34" of the complaint.

35. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "35" of the complaint.

36. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "36" of the complaint.

37. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "37" of the complaint.

38. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "38" of the complaint.

39. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "39" of the complaint.

40. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "40" of the complaint.

41. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "41" of the complaint, except admit that plaintiff was lawfully arrested in or near Cadman Plaza.

42. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "42" of the complaint.

43. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "43" of the complaint.

44. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "44" of the complaint.

45. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "45" of the complaint.

46. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "46" of the complaint.

47. Deny the allegations in paragraph "47" of the complaint.

48. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "48" of the complaint.

49. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "49" of the complaint.

50. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph "50" of the complaint.

51. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "51" of the complaint.

52. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "52" of the complaint.

53. Deny the allegations in paragraph "53" of the complaint.

54. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "54" of the complaint.

55. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph "55" of the complaint.

56. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph "56" of the complaint.

57. Deny the allegations in paragraph "57" of the complaint, except admit that Officer Ryder was holding his shield at the time he encountered plaintiff.

58. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "58" of the complaint.

59. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "59" of the complaint.

60. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "60" of the complaint.

61. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "61" of the complaint.

62. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "62" of the complaint.

63. Deny the allegations in paragraph "63" of the complaint.

64. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "64" of the complaint.

65. Deny the allegations in paragraph "65" of the complaint.

66. Deny the allegations in paragraph "66" of the complaint.

67. Deny the allegations in paragraph "67" of the complaint.

68. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "68" of the complaint.

69. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "69" of the complaint.

70. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "70" of the complaint.

71. Deny the allegations in paragraph "71" of the complaint.

72. Deny the allegations in paragraph "72" of the complaint.

73. Deny the allegations in paragraph "73" of the complaint.

74. Deny the allegations in paragraph "74" of the complaint.

75. Deny the allegations in paragraph "75" of the complaint.

76. Deny the allegations in paragraph "76" of the complaint.

77. Deny the allegations in paragraph "77" of the complaint.

78. Deny the allegations in paragraph "78" of the complaint.

79. Deny the allegations in paragraph "79" of the complaint.

80. Deny the allegations in paragraph "80" of the complaint.

81. Deny the allegations in paragraph "81" of the complaint.

82. Deny the allegations in paragraph "82" of the complaint.

83. Deny the allegations in paragraph "83" of the complaint.

84. Deny the allegations in paragraph "84" of the complaint.

85. Deny the allegations in paragraph "85" of the complaint.

86. Deny the allegations in paragraph "86" of the complaint.

87. Deny the allegations in paragraph "87" of the complaint.

88. Deny the allegations in paragraph "88" of the complaint.

89. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "89" of the complaint.

90. Deny the allegations in paragraph "90" of the complaint

91. Deny the allegations in paragraph "91" of the complaint, except admit that plaintiff was lawfully handcuffed incident to arrest.

92. Deny the allegations in paragraph "92" of the complaint.

93. Deny the allegations in paragraph "93" of the complaint.

94. Deny the allegations in paragraph "94" of the complaint.

95. Deny the allegations in paragraph "95" of the complaint, except admit that plaintiff was placed on a New York City bus to be transported.

96. Deny the allegations in paragraph "96" of the complaint.

97. Deny the allegations in paragraph "97" of the complaint.

98. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "98" of the complaint.

99. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "99" of the complaint.

100. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "100" of the complaint.

101. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "101" of the complaint.

102. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "102" of the complaint.

103. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "103" of the complaint.

104. Deny the allegations in paragraph "104" of the complaint.

105. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "105" of the complaint.

106. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "106" of the complaint.

107. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "107" of the complaint.

108. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "108" of the complaint.

109. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "109" of the complaint.

110. Deny the allegations in paragraph "110" of the complaint.

111. Deny the allegations in paragraph "111" of the complaint.

112. Deny the allegations in paragraph "112" of the complaint.

113. Deny the allegations in paragraph "113" of the complaint.

114. Deny the allegations in paragraph "114" of the complaint.

115. Deny the allegations in paragraph "115" of the complaint.

116. Deny the allegations in paragraph "116" of the complaint.

117. Deny the allegations in paragraph "117" of the complaint.

118. Deny the allegations in paragraph "118" of the complaint.

119. Deny the allegations in paragraph "119" of the complaint.

120. Deny the allegations in paragraph "120" of the complaint, except admit that plaintiff was transported to Brooklyn Central Booking.

121. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "121" of the complaint.

122. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "122" of the complaint.

123. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "123" of the complaint.

124. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "124" of the complaint.

125. Deny the allegations in paragraph "125" of the complaint.

126. Deny the allegations in paragraph "126" of the complaint.

127. Deny the allegations in paragraph "127" of the complaint.

128. Deny the allegations in paragraph "128" of the complaint.

129. Deny the allegations in paragraph "129" of the complaint.

130. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "130" of the complaint.

131. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "131" of the complaint.

132. Deny the allegations in paragraph "132" of the complaint.

133. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "133" of the complaint.

134. Deny the allegations in paragraph "134" of the complaint.

135. Deny the allegations in paragraph "135" of the complaint.

136. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "136" of the complaint, except admit that plaintiff was given a lawful summons for violating the curfew order.

137. Deny the allegations in paragraph "137" of the complaint.

138. Deny the allegations in paragraph "138" of the complaint.

139. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "139" of the complaint .

140. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "140" of the complaint.

141. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "141" of the complaint.

142. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "142" of the complaint.

143. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "143" of the complaint.

144. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "144" of the complaint.

145. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "145" of the complaint.

146. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "146" of the complaint.

147. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "147" of the complaint.

148. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "148" of the complaint.

149. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "149" of the complaint.

150. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "150" of the complaint.

151. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "151" of the complaint.

152. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "152" of the complaint.

153. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "153" of the complaint.

154. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "154" of the complaint.

155. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "155" of the complaint.

156. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "156" of the complaint.

157. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "157" of the complaint.

158. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "158" of the complaint.

159. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "159" of the complaint.

160. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "160" of the complaint.

161. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "161" of the complaint.

162. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "162" of the complaint.

163. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "163" of the complaint.

164. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "164" of the complaint.

165. Deny knowledge or information sufficient to form the truth of the allegations in paragraph "165" of the complaint.

166. In response to the allegations in paragraph "166" of the complaint, defendants repeat and reallege the responses in the preceding paragraphs of this answer, as if fully herein.

167. Deny the allegations in paragraph "167" of the complaint.

168. Deny the allegations in paragraph "168" of the complaint, and further state that the allegation that the officers were acting within the scope of their employment is a legal conclusion to which no response is required.

169. Deny the allegations in paragraph "169" of the complaint.

170. Deny the allegations in paragraph "170" of the complaint.

171. Deny the allegations in paragraph "171" of the complaint.

172. Deny the allegations in paragraph "172" of the complaint.

173. In response to the allegations in paragraph "173" of the complaint, defendants repeat and reallege the responses in the preceding paragraphs of this answer, as if fully herein.

174. Deny the allegations in paragraph "174" of the complaint.

175. Deny the allegations in paragraph "175" of the complaint.

176. Deny the allegations in paragraph "176" of the complaint.

177. Deny the allegations in paragraph "177" of the complaint.

178. Deny the allegations in paragraph "178" of the complaint.

179. Deny the allegations in paragraph "179" of the complaint.

180. Deny the allegations in paragraph "180" of the complaint.

181. Deny the allegations in paragraph "181" of the complaint.

182. Deny the allegations in paragraph "182" of the complaint.

183. Deny the allegations in paragraph "183" of the complaint.

184. Deny the allegations in paragraph "184" of the complaint.

185. Deny the allegations in paragraph "185" of the complaint.

186. In response to the allegations in paragraph "186" of the complaint, defendants repeat and reallege the responses in the preceding paragraphs of this answer, as if fully herein.

187. Deny the allegations in paragraph "187" of the complaint.

188. Deny the allegations in paragraph "188" of the complaint, except admit that plaintiff was given a lawful summons for violating the curfew order.

189. Deny the allegations in paragraph "189" of the complaint.

190. Deny the allegations in paragraph "190" of the complaint.

191. Deny the allegations in paragraph "191" of the complaint.

192. Deny the allegations in paragraph "192" of the complaint.

193. Deny the allegations in paragraph "193" of the complaint.

194. Deny the allegations in paragraph "194" of the complaint.

195. Deny the allegations in paragraph "195" of the complaint.

196. Deny the allegations in paragraph "196" of the complaint.

197. In response to the allegations in paragraph "197" of the complaint, defendants repeat and reallege the responses in the preceding paragraphs of this answer, as if fully herein.

198. Deny the allegations in paragraph "198" of the complaint.

199. Deny the allegations in paragraph "199" of the complaint.

200. Deny the allegations in paragraph "200" of the complaint.

201. Deny the allegations in paragraph "201" of the complaint.

202. In response to the allegations in paragraph "202" of the complaint, defendants repeat and reallege the responses in the preceding paragraphs of this answer, as if fully herein.

203. Deny the allegations in paragraph "203" of the complaint.

204. Deny the allegations in paragraph "204" of the complaint.

205. Deny the allegations in paragraph "205" of the complaint.

206. Deny the allegations in paragraph "206" of the complaint.

207. In response to the allegations in paragraph "207" of the complaint, defendants repeat and reallege the responses in the preceding paragraphs of this answer, as if fully herein.

208. Deny the allegations in paragraph "208" of the complaint, and further state that the claim that the officers were acting within the scope of their employment is a legal conclusion to which no response is required.

209. Deny the allegations in paragraph "209" of the complaint.

210. Deny the allegations in paragraph "210" of the complaint.

211. Deny the allegations in paragraph "211" of the complaint.

212. In response to the allegations in paragraph "212" of the complaint, defendants repeat and reallege the responses in the preceding paragraphs of this answer, as if fully herein.

213. Deny the allegations in paragraph "213" of the complaint, and further state that the claim that the officers were acting within the scope of their employment is a legal conclusion to which no response is required.

214. Deny the allegations in paragraph "214" of the complaint.

215. Deny the allegations in paragraph "215" of the complaint.

### FIRST AFFIRMATIVE DEFENSE:

216. The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE:

217. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

### THIRD AFFIRMATIVE DEFENSE:

218. Any injuries alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, and/or the culpable or negligent conduct of others, and were not the proximate result of any act of defendants.

### FOURTH AFFIRMATIVE DEFENSE:

219. There was probable cause for plaintiff's arrest, detention, and/or prosecution.

### FIFTH AFFIRMATIVE DEFENSE:

220. Defendants Ryder and Moses have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

### SIXTH AFFIRMATIVE DEFENSE:

221. To the extent that the complaint alleges any claims arising under New York State law, such claims may be barred, in whole or in part, by reason of plaintiff's failure to comply with the requirements of the N.Y. GEN. MUN. LAW § 50-(e), (h) and/or (i).

### SEVENTH AFFIRMATIVE DEFENSE:

222. Plaintiff cannot obtain punitive damages as against the City of New York.

### EIGHTH AFFIRMATIVE DEFENSE:

223. Plaintiff may have failed to mitigate her alleged damages.

### NINTH AFFIRMATIVE DEFENSE:

224. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

### TENTH AFFIRMATIVE DEFENSE:

225. At all times relevant to the acts alleged in the complaint, defendants Ryder and Moses acted reasonably in the proper and lawful exercise of their discretion.

**WHEREFORE,** defendants City of New York, Joseph Ryder, and Danielle Moses request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           September 13, 2021

                                            GEORGIA M. PESTANA
                                            Corporation Counsel of the
                                               City of New York
                                            *Attorney for Defendants City, Ryder, Moses*
                                            100 Church Street
                                            New York, New York 10007

                                            By:    s/*Erin T. Ryan*
                                                        _____
                                                         Erin T. Ryan
                                                        *Senior Counsel*
                                                         *Special Federal Litigation Division*

Cc:     All Counsel (By ECF)