

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, N.Y. 10007

GEORGIA M. PESTANA
Corporation Counsel

ERIN RYAN
*Senior Counsel*
Tel.: (212) 356-5056
eryan@law.nyc.gov

January 24, 2021

**BY ECF**
Honorable James R. Cho
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Brigid Pierce v. City of New York, et al. 21-CV-3482 (PKC)(JRC)

Your Honor:

I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, assigned to the defense of the above-referenced matter on behalf of defendant City of New York. I write jointly with plaintiff's counsel: (1) to provide the Court with the status of discovery, pursuant to the Court's November 22, 2021 Order; and (2) regarding the parties' dispute on a proposed addition to the confidentiality stipulation.

**Status of Discovery**

Plaintiff Brigid Pierce brings this lawsuit against the City of New York and individual NYPD officers (the "Defendants") for claims arising out of Defendants' brutal attack and false arrest of Plaintiff while she attended a peaceful protest in Brooklyn on June 3, 2020. Plaintiff filed this action on June 21, 2021, and filed an amended complaint on October 4, 2021. Defendants answered the amended complaint on October 18 and November 12, 2021. Plaintiff and Defendants exchanged initial disclosures on October 22, 2021 and document requests and interrogatories on November 3, 2021. On January 7, 2022, the parties exchanged responses and objections to these interrogatories and document requests along with accompanying document productions. Document discovery in this action is ongoing and key documents responsive to Plaintiff's requests for production, including body-worn camera footage, memo book and activity log entries concerning the incident, and individual defendants' disciplinary records, have yet to be produced. The parties continue to meet and confer concerning the sufficiency and

timing of document discovery. At this time, the only dispute ripe for judicial intervention concerns the proper scope of a confidentiality order, described in detail below.

As to settlement, the parties are still interested in discussing settlement before starting depositions, but are not in agreement on whether to request a mediation or settlement conference at this time. The parties anticipate returning to this issue after the below dispute is resolved and additional document discovery is exchanged.

**Background of the Confidentiality Stipulation Dispute**

By way of background, plaintiff alleges, *inter alia*, that on or about June 3, 2020, she was peacefully protesting when the individual officers falsely arrested her and subjected her to excessive force. The parties have been working to finalize a proposed confidentiality stipulation to submit to the Court, but disagree on one issue. Specifically, defendants requested the addition of the following category in section (a) of the Court's standard confidentiality stipulation:

> "Disciplinary-related records, including records of investigations regarding the conduct of Members of the Service of the New York City Police Department ("NYPD") conducted by the NYPD, the Civilian Complaint Review Board, or other agencies."

Plaintiff objected to this inclusion. The parties exchanged their position on the issue by email, and then had a telephonic meet and confer on the issue. As the parties have not been able to reach a resolution, we now write to the Court seeking assistance in resolving this matter.

**Defendants' Position**

Defendants request that the Court endorse the proposed protective order with the above addition so that the non-public disciplinary records of the defendant officers remain confidential. As a part of her discovery demands, plaintiff requested all disciplinary records for each defendant. In response, defendants objected to the production of all such records, but agreed to produce allegations similar to those alleged in the complaint, and false statement, that predate the underlying incident by 10 years, as well as any disciplinary information that is publicly available.

As it pertains to this case, the documents requested do not just comprise the individual defendants' various disciplinary resumes, which generally reflect only the date and nature of the allegation and the outcome of the investigation. Rather, the requested documents also include underlying investigative files often reference non-parties, unrelated arrests, and medical information. In short, the information contained in these requested records is voluminous and goes beyond what otherwise may be publicly available.[1]

---

[1] And simply because some records may not be publicly available does not make those records relevant or responsive in *this litigation*.

As the Court may be aware, it is the City's practice to treat such records as confidential – both before and after the recent repeal of N.Y. CIV. RIGHTS LAW § 50-a. As such, I requested that non-public disciplinary records be included as a category in the parties' confidentiality stipulation. Plaintiff objection to the inclusion of same, and the parties exchanged their positions, and case law, on the topic, but have not been able to reach an agreement.

Defendants respectfully request that the Court endorse the proposed order and keep non-public disciplinary documents requested by plaintiff as confidential. As an initial matter, the repeal of § 50-a does not dictate the outcome here. Discovery in federal litigation is governed by the Federal Rules of Civil Procedure. As such, § 50-a was never binding on federal courts because "in cases presenting federal questions, such as [§ 1983], discoverability, privileges, and confidentiality are governed by federal law, not state law." Crosby v. City of New York, 269 F.R.D. 267, 274 (S.D.N.Y. 2010). Federal courts thus rely on Rule 26 of the Federal Rules of Civil Procedure to determine the discoverability of officers' disciplinary histories, based on relevance and proportionality to the needs of the case. Indeed, as the Honorable Kiyo A. Matsumoto held, "the repeal of 50-a governs what the public can access, not litigants' obligations under the Federal Rules of Civil Procedure." Fowler-Washington v. City of New York, No. 19-CV-6590 (KAM)(RER), 2020 U.S. Dist. LEXIS 231544, at *11 (E.D.N.Y. Dec. 9, 2020).

"[T]he scope of discovery under Federal Rule of Civil Procedure 26 is likely much broader than New York's Freedom of Information Law, and so plaintiff here will have access to more documents than he would as a member of the public, even after the repeal of Section 50-a. Thus, the repeal of Section 50-a does not allow plaintiff to publicly share any and all material produced in discovery." Id. at *7. Defendants respectfully submit that whether or not disciplinary records *may*, as a general matter, be disclosed in response to a FOIL request is not dispositive of whether any particular record *must* be disclosed in litigation without a protective order. Indeed, most Courts within this Circuit have exercised caution and declined to employ such a broad application of the repeal of § 50-a to discovery matters in federal court. See, e.g., Padmore v. City of New York, et al., 20 Civ. 1372 (ENV)(TAM) (E.D.N.Y.), Order dated Aug. 5, 2021, ECF No. 28; Benjamin v. City of New York, 20 Civ. 2069 (RJD)(PK) (E.D.N.Y.), Order dated Sept. 22, 2020; Belle, et al., v. City of New York, et al., 19 Civ. 2673 (VEC) (S.D.N.Y.), Memo Endorsement dated Nov. 6, 2020, ECF No. 76 (maintaining confidentiality of disciplinary records of unsubstantiated claims of misconduct); see also Saavedra v. City of N.Y., 2021 U.S. Dist. LEXIS 5752, at *6 (S.D.N.Y. Jan. 12, 2021) (directly disagreeing with the holding of Walls, a case plaintiff relies upon in opposition to this motion, and limiting discovery "to complaints that are similar in nature to the allegations in the Complaint or that directly involve dishonesty" and that the repeal of § 50-a does not, and should not, change this practice).

In opposition, plaintiff also cites a decision from Judge Gorenstein in In Re: New York City Policing During Summer 2020 Demonstrations, No. 20 Civ. 8924 (S.D.N.Y.). However, plaintiff's summary of the Court's finding in that case is inaccurate. In that matter, Judge Gorenstein ruled that it was too early to rule on the parties' dispute on this matter, and thus unnecessary to determine whether non-public disciplinary records should be marked confidential as a category. Id. at Docket No. 114. Instead, Judge Gorenstein ruled that the parties should follow his standard practice – allowing the parties to designate anything as confidential they believe in good faith is protectible – and any disputes about specific documents could be brought

3

to the Court's attention. Id. Plaintiff's statement that the Court in that matter "rejected" defendants' request is not correct.

Moreover, the documents defendants seek to protect are broader than those that would be disclosed pursuant to FOIL. In fact, when § 50-a was repealed, the legislature concurrently amended §§ 86, 87, and 89 of the Public Officer's Law to specifically define the disciplinary records that were to be disclosed and the portions of which that are subject to redaction. Disclosure of disciplinary records is limited to: (1) the complaint or allegations, (2) name of officer charged, (3) the transcript of any disciplinary hearing, (4) the disposition of the proceeding, and (5) any final written opinions or memos. N.Y. PUB. OFF. LAW § 86. Further, any medical information, personal identifying information, and administrative infractions remain protected from disclosure as well. N.Y. PUB. OFF. LAW § 89 (2-a), (2-b).

In this matter, plaintiff has requested information beyond what is publicly available or obtainable through FOIL. Plaintiff has requested full investigative files for unrelated incidents, which would harm the privacy of non-party individuals if these records did not remain confidential. In the context of an unrelated civil rights action, the public disclosure of information pertaining to non-party complainant arrestees – who have not placed their arrests at issue and who have no means of objecting to the type of public disclosure that would follow here – is an affront to their privacy, particularly where the arrest information may be sealed pursuant to N.Y. CRIM. P. LAW §§ 160.50 and 160.55. Notably, courts in this Circuit, presumably recognizing the privacy and security concerns of complainants and witnesses, have recognized the need for the confidentiality of full investigatory files. See, e.g., Benjamin v. City of New York, 20 Civ. 2069 (RJD)(PK), Order dated Sept. 22, 2020 (finding that the documents sought to be marked confidential are broader than what is publicly available should be protected as confidential).

Further, should the records reflecting the interviews of complainants and witnesses be disclosed absent any assurance of confidentiality, it may well discourage individuals from filing complaints or from being as forthright during their interviews. It may discourage witnesses from coming forward at all. Moreover, should any harm result, there is no remedy – once information is made available, it cannot be undone.

Accordingly, defendants respectfully request that the Court endorse the proposed confidentiality stipulation with the inclusion of non-public disciplinary documents as a category of documents to be marked confidential.

**Plaintiff's Position**

Plaintiff opposes Defendants' request to include a broad confidentiality category for "disciplinary-related records" in the parties' confidentiality order. Inclusion of this category is overbroad, unnecessary to protect legitimate privacy concerns, and unwarranted under Fed. R. Civ. P. 26(c). Plaintiff respectfully requests that the Court deny Defendants' request.

For documents to be subject to a protective order the party seeking protection must show that "disclosure will result in a clearly defined, specific and serious injury . . . Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test. Moreover, the harm must be significant, not a mere trifle." *Sparrow Fund Mgmt. LP v. MiMedx Grp., Inc.*, No. 18 Civ. 4921, 2021 WL 2822167, at *4 (S.D.N.Y. July 7, 2021) (cleaned up). Defendants cannot articulate a "clearly defined, specific and serious injury" that would result from the disclosure of disciplinary-related records as a whole and their request should therefore be rejected under Rule 26(c).

Any concerns about sensitive information concerning arrestees or witnesses that might be contained in portions of disciplinary records are already addressed by other confidentiality categories in the protective order. The parties have already agreed to a confidentiality order that would permit "Sensitive Personal Data, such as personal identifiers, financial information, tax records, and employer personnel records" and "Medical and Legal Records, including medical files and reports" to be designated as "confidential." The parties also agree that the proposed order would provide, per the Court's form confidentiality order, that "[i]f any party believes a document not described in the above paragraph should nevertheless be considered confidential, it may make application to the court." These provisions are sufficient to protect portions of responsive NYPD records that might contain sensitive personal data or medical information about arrestees or witnesses and would permit Defendants to seek confidentiality protections for responsive documents that actually contain information whose disclosure might otherwise cause injury. Inclusion of a sweeping category of "disciplinary-related records" is therefore unnecessary to protect legitimate privacy interests.

This is consistent with the approach of other courts in cases involving similar allegations of police misconduct. For example, in *In Re: New York City Policing During Summer 2020 Demonstrations*, No. 20 Civ. 8924 (S.D.N.Y.), Magistrate Judge Gorenstein rejected defendants' almost identical request to include disciplinary records in the definition of confidential records, instead inviting "good faith" designations of material as confidential under 26(c)(1). *See id.*, Dkt 114 at 1-2. Magistrate Judge Levy took a similar approach in *Dietrich v. City of New York et al.*, No.19 Civ. 04503 (E.D.N.Y.), rejecting defendants' proposed inclusion of disciplinary records in the parties' protective order and explaining: "Because the language in dispute covers broad categories of information, this ruling does not preclude a party from seeking a confidential designation in a rare instance where highly sensitive information that (1) is either personal in nature or the release of which is likely to endanger the individuals safety and (2) is unrelated to the performance of a police officer's duties, is at issue." *Id.,* Dkt. 24.

While Plaintiff agrees that state law does not govern federal discovery, the repeal of N.Y. Civ. Rights Law § 50-a does affect the scope of what records are publicly available, and therefore whether disclosure in this lawsuit would actually create a cognizable harm. District

courts throughout New York have denied similar confidentiality requests for police disciplinary records in light of the repeal of N.Y. Civ. Rights Law § 50-a, finding that there is no longer good cause within the meaning of Rule 26(c)(1) for shielding law enforcement records from disclosure with a protective order. *See Mingo v. City of New York*, No. 19 Civ. 5806 (FB) (VMS), 2020 WL 7085359 at *2 (E.D.N.Y. Dec. 3, 2020) (denying Defendants' motion for a protective order for police disciplinary records and performance evaluations and allowing only "limited redaction of highly sensitive personal information such as Officer Defendants' home addresses and telephone numbers, social security numbers and the like"); *Casaccia v. City of Rochester*, No. 17 Civ. 6323, Dkt. 85, at 2 (W.D.N.Y. July 7, 2020) (prohibiting defendants from marking "any police personnel or disciplinary records, complaints of misconduct, internal investigatory records, or training materials as 'confidential' as such records are now publicly available"); *see also Walls v. City of New York*, 502 F. Supp. 3d 686, 692-93 (E.D.N.Y. 2020) (discussing the impact of the repeal of § 50-a on public access to police disciplinary records and rejecting broad redactions of disciplinary records).

This Court should follow suit and deny Defendants' request. No harm would result from doing so. In the "rare instance" where a specific harm under Rule 26(c)(1) would result from non-confidential disclosure of a certain document or portion thereof that is not already covered by other provisions of the confidentiality order, Defendants can seek to designate that document as confidential, as permitted under section (b) of the Court's form confidentiality order. *Dietrich*, No. 19 Civ. 04503, Dkt. 24.

Thank you for your consideration herein.

Respectfully submitted,

/s/
Erin Teresa Ryan
Senior Counsel
Special Federal Litigation Division

cc:   All Counsel (By ECF)