

**T**HE **C**ITY OF **N**EW **Y**ORK
**L**AW **D**EPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel

NADINE IBRAHIM
*Senior Counsel*
Tel.: (212) 356-5037
nibrahim@law.nyc.gov

May 31, 2022

**BY ECF**
Honorable James R. Cho
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>Brigid Pierce v. City of New York, et al.</u> 21-CV-3482 (PKC)(JRC)

Your Honor:

      I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, assigned to the defense of the above-referenced matter. I write in respectfully ask the Court to compel plaintiff to provide defendants with: (a) signed medical releases for all providers who treated plaintiff for injuries similar to those claimed in this action in the 10 years prior to the incident, (b) signed insurance releases for all insurance carriers to have insured plaintiff in the last 10 years; (c) signed medical releases, pertaining to Plaintiff's psychological health in the 20 years prior to the incident and for the time since the Incident. Defendants sought plaintiff's portion to be included in this letter pursuant to the Court's Order and Individual Rules, however, plaintiff refused to do so by today, the close of discovery.

      On May 30, 2022, in compliance with the Court's Order and Individual Rules, defendants asked plaintiff to provide her portion on defendants' motion to compel by May 31, 2022 by 12:00pm explaining that defendants needed plaintiff's position to file their motion to compel as a joint letter before the close of discovery in this case. Having not heard back from plaintiff, co-counsel for defendants, attempted to call both plaintiff's counsels around 2:00 pm today but was unable to reach either and left voicemails for both. Around 2:20pm, plaintiff's counsel responded to defendants via email stating "we will provide our written response to include in the joint letter tomorrow." Defendants explained that plaintiff needed to provide plaintiff's portion for the joint letter today as the motion to compel needs to be filed before the close of discovery, which is today. Plaintiff disagreed that the motion to compel discovery needed to be filed before the close of discovery and indicated plaintiff was unwilling to give her portion today. As of the

time of this writing, the undersigned still has not received plaintiff's portion as requested and therefore was unable to include it in this letter.

By way of brief background, plaintiff alleges, *inter alia*, that on or about June 3, 2020, she was peacefully protesting when the individual officers falsely arrested her and subjected her to excessive force. Defendants served their First Set of Interrogatories and Request for Production of Documents on November 3, 2021 (hereinafter "Defendants' Discovery Demands"). Defendant's Discovery demands asked for the production of signed releases for all medical and mental health providers and insurance carriers for the period of 10 years prior to the incident and the time since the incident. The parties had a meet and confer on these issues, and plaintiff's position was that she will produce a release for the one mental health provider plaintiff has seen in the last five years, but objected to producing releases for any other mental health providers or insurance carriers. Instead, plaintiff offered to only produce records she deemed relevant from those providers concerning psychiatric medication or conditions.

Because plaintiff asserts that she suffered emotional injuries, any treatment for physical, emotional or psychological injuries that plaintiff has received over the past ten years is necessary to determine whether plaintiff's alleged injuries stem from the underlying incident or from some other source unrelated to this lawsuit. James v. Federal Reserve Bank, CV-01-1106 (RJD), 2006 U.S. Dist LEXIS 29280, *1-2 (E.D.N.Y. May 8, 2006)("Although the plaintiff has a right of privacy regarding her medical records, if she wishes to introduce evidence in court concerning her physical and mental injuries, she must give up that right. She cannot contend, on the one hand, that she wishes to keep those matters private, and yet on the other hand testify and offer evidence about them in open court at trial [cases omitted]. Thus, if the plaintiff wishes to keep matters concerning her physical and mental health private, she will not be permitted to offer any evidence about them at trial, which means she will be unable to prove any claims of disability and she will be unable to obtain any monetary award for any physical and mental injuries."). See also, Salten v. County of Suffolk, 08 CV 5294(SJF)(AKT), 2011 U.S. Dist. LEXIS 54753 (E.D.N.Y. Apr. 6, 2011) (ordering the production of medical records, including previous medical and mental health records, because defendants asserted a good faith basis for exploring the causes of such injuries, especially since there was evidence of a prior injury).

As such, defendants are entitled to releases for records of all medical treatment for injuries similar to those that plaintiff is claiming in the matter that pre-existed the incident. This is directly relevant to the claims and damages in this action. See FED. R. CIV. P. 26 (b)(1). Defendants are entitled to releases to all of plaintiff's relevant records. Any medical treatment provided to plaintiff over the last ten years is relevant to determine the nature, extent, and cause of plaintiff's alleged injuries and any alternate theories of causation. See, e.g., Beckles v. City of New York, No. 08 Civ. 3687 (RJH) (JCF), Slip Op. at 1, ¶ 2 (S.D.N.Y.) (compelling plaintiff to identify and provide releases for all medical treatment in past ten years to same body part that was allegedly injured during incident).

Moreover, plaintiff testified in her deposition that this incident has caused her to see flashes of light, floaters in her eyes, light sensitivity, migraines and smeared vision (See lts Dep. Tran., 164-183). Plaintiff further testified that she had never experienced these types of symptoms prior to June 3, 2020 and that the only issue with her eyes prior to the incident was that was nearsighted. (Id at 147:7-15). She further testified that although she had migraines prior

to the incident, they were" very very rare." (Id at 136:17). Her response to Interrogatory No. 5, which asked her to identify injuries that stemmed from this incident, echoed her deposition testimony in that her response included "migraines, acute visual disturbances, eye damage, difficulty seeing clearly, retinal lattice degeneration, retinal detachment and tearing, vitreomacular adhesion, vitreous separation, flashes of light." However, this is all directly contradicted by documents, including medical records, recently produced by plaintiff herself.

Thus, considering plaintiff is claiming a long laundry list of injuries that were caused by the June 3, 2020 incident in her response to Interrogatory 5, and that at least some of those alleged injuries were proven to be pre-existing injuries, in direct contradiction of her response to defendant's discovery requests, defendants respectfully ask the Court to compel plaintiff to produce releases for all medical providers who had rendered treatment to plaintiff for injuries similar to those that plaintiff is claiming in the matter that pre-existed the incident for the 10 years prior to the incident, as well as for all insurance carriers that covered plaintiff in the 10 years prior to the incident, on pain of dismissal.

Finally, in her deposition, plaintiff testified that she had been seeking treatment psychiatric treatment for approximately 20 years, since her early 20s. (See Plts Dep. Tran. 150:22-24). She further testified that she had been taking an anti-depressant daily since at least 2018. (Id at 153:13-18). However, in response to Interrogatory No. 5, which asked to identify any pre-existing physical or emotional condition that was exacerbated by the Incident, plaintiff only listed migraines as a pre-existing condition. Plaintiff failed to mention that she had any prior psychiatric treatment or that she has been taking a daily anti-depressant since at least 2018. Therefore, defendants respectfully ask the Court to compel plaintiff to produce releases for all prior mental health or psychiatric treatment plaintiff has received in the 20 years prior to the incident and any treatment since the incident, on pain.

Accordingly, defendants respectfully request that plaintiff be compelled to provide defendants with: (a) signed medical releases for all providers who treated plaintiff for injuries similar to those claimed in this action in the 10 years prior to the incident, (b) signed insurance releases for all insurance carriers to have insured plaintiff in the last 10 years; (c) signed medical releases, pertaining to Plaintiff's psychological health in the 20 years prior to the incident and for the time since the Incident, on pain of dismissal.

Respectfully submitted,

*Nadine Ibrahim* /s/
Nadine Ibrahim
Senior Counsel
Special Federal Litigation Division

cc:   Scout Katovich, Esq. (via ECF)
      Ilann Maazel, Esq.
      Emery Celli Brinckerhoff Abady Ward & Maazel LLP