UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BRIGID PIERCE,

                Plaintiff,

  -against-

NEW YORK CITY POLICE DEPARTMENT
OFFICER JOSEPH RYDER, et al.

                Defendants.

Index No. 21 Civ. 3482 (PKC) (JRC)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO PRECLUDE DEFENDANTS FROM RELYING ON EXHIBIT G TO THEIR RULE 56.1 STATEMENT OR OFFERING OFFICER KRAMAR AS A WITNESS, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(C)(1)**

Emery Celli Brinckerhoff Abady Ward & Maazel LLP
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

# THE COURT SHOULD NOT CONSIDER A VIDEO PRODUCED OR A WITNESS DISCLOSED NINETEEN MONTHS TOO LATE WITHOUT ANY EXCUSE

Defendants produced the body-worn camera footage attached as Exhibit G to their 56.1 Statement more than nineteen months after the close of fact discovery and just three weeks before filing the 56.1 Statement, without any excuse for their extraordinarily late production. Federal Rule of Civil Procedure 37(c)(1) exists to prohibit such flagrant disregard for the discovery process. The Court should preclude Defendants from relying on Exhibit G to support their motion for partial summary judgment and preclude Officer Evgeny Kramar, whose body-worn camera footage Defendants claim this is, from testifying at trial.

*Background*

Fact discovery in this case closed on May 31, 2022. *See* May 6, 2022 Minute Entry. On January 26, 2024, more than nineteen months later, Defendants produced a video to Plaintiff that they claim is body-worn camera footage from an NYPD Officer named Evgeny Kramar. Ex. 1 (1/26/24 Cover Letter Enclosing Video).[1] Defendants have not provided any reason for their belated production. When Plaintiff's counsel asked Defendants why they produced this video so late, Defendants simply called their failure to produce it earlier "an oversight." Ex. 2 (Jan. 29, 2024 Email). Defendants also never disclosed Officer Kramar as a witness or document custodian with relevant information in their Rule 26(a) disclosures, making it impossible for Plaintiff to take any discovery about the existence or content of this video when fact discovery was open. See Ex. 3 (Defendants' Rule 26(a) Disclosures).

Defendants' unexcused failure to produce the video or identify Officer Kramar in their Rule 26(a) disclosures during fact discovery is especially egregious because Officer Kramar was

---

[1] All references to "Ex." refer to the Exhibits attached to the Declaration of Max Selver dated March 15, 2024 in support of Plaintiff's Motion to Preclude.

not a stranger to the case during fact discovery. In her First Production of Documents made on December 20, 2021, Plaintiff produced to Defendants a photograph of Officer Kramar covering his Badge Number. Ex. 4 (Kramar Photograph). Ms. Pierce also described her interaction with Officer Kramar at her deposition. Ex. 5 (Pierce Dep.) at 40:13-23. And Ms. Pierce requested all body-worn camera footage related to the allegations in her Complaint during discovery. Ex. 6 (First Set of Doc. Requests) at Req. No. 11.

Thus, Defendants knew Officer Kramar was a person who Ms. Pierce interacted with at the June 3, 2020 Cadman Plaza protest and that Ms. Pierce had requested that Defendants produce relevant body-worn camera footage. Yet Defendants still failed to identify Officer Kramar in their Rule 26(a) disclosures or produce his body-worn camera footage until more than a year-and-a-half after fact discovery closed without any justification.

***Argument***

Federal Rule of Civil Procedure 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." To assess whether Defendants' discovery violation is substantially justified or harmless, the Court "must consider (1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the precluded witnesses; (3) the prejudice suffered by the opposing party; and (4) the possibility of a continuance." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006) (cleaned up).

All four factors favor exclusion. *First*, Defendants have no explanation for their woefully untimely production except to call it an "oversight." Ex. 2. Plaintiff specifically requested that Defendants produce body-worn camera footage and Defendants knew during fact discovery that

Ms. Pierce interacted with Officer Kramar at the protest. Exs. 4-6. In short, Defendants had every opportunity to locate and produce the video at the appropriate stage of the case. The Second Circuit has held that a party's failure to produce documents that the other party "specifically requested" is "especially troubling." *Design Strategy*, 469 F.3d at 295; *see also Iacovacci v. Brevet Holdings, LLC*, No. 18 Civ. 8038, 2023 WL 2631966, at *5 (S.D.N.Y. March 24, 2023) (first factor favors exclusion where party "has provided no justification for [its] failure to produce the [document] during discovery" and the document was "plainly responsive to [the party's discovery] request"). Defendants' complete lack of justification for failing to produce a video Plaintiff specifically requested until more than nineteen months after the close of fact discovery weighs strongly in favor of exclusion.

*Second*, the video is not important evidence. Nothing in the video remotely supports granting summary judgment for Defendants on any of Ms. Pierce's claims: It does not show the circumstances of Ms. Pierce's arrest, does not involve any of Ms. Pierce's arresting officers, and does not capture any officer giving Ms. Pierce an order to disperse. *See* Pl. 56.1 Counterstatement ¶¶ 7, 14. It is simply irrelevant to Defendants' motion. Its total lack of significance further supports exclusion. *See Patterson v. Balsamico*, 440 F.3d 104, 117-18 (2d Cir. 2006) (lack of explanation of evidence's importance supports exclusion).

*Third*, Plaintiff is substantially prejudiced by Defendants' belated injection of this video into its summary judgment papers because Defendants' late production deprived Ms. Pierce of the opportunity to take any discovery about the video, including even discovery to verify that it is in fact Officer Kramar's body-worn camera footage. *See, e.g.*, *Conklin v. U.S. Immigration & Customs Enforcement*, 661 F. Supp. 3d 239, 257-58 (S.D.N.Y. 2023) ("Defendants would be substantially prejudiced if the Court were to consider the Disputed Declarations because

3

Defendants did not have the opportunity to depose [the declarants] . . . ."); *Iacovacci*, 2023 WL 2631966, at *5 ("Because the invoice was not produced during discovery, Defendants were deprived of the opportunity to discover, take depositions, and respond." (cleaned up)).

*Fourth*, "granting a continuance at this late stage would be inefficient, prejudicial to [Plaintiff], and would essentially reward [Defendants] for [their] violations of Rule 26." *Conklin*, 661 F. Supp. 3d at 258. There is no reason to grant a continuance to reopen discovery on body-worn camera footage that has no relevance to Defendants' summary judgment motion and which Defendants produced nineteen months too late without any explanation.

## CONCLUSION

For the reasons stated above, the Court should exclude Defendants' Exhibit G to their 56.1 Statement under Federal Rule of Civil Procedure 37(c)(1) and preclude Officer Kamar from testifying in this case.

Dated: March 15, 2024
      New York, New York

                                       EMERY CELLI BRINCKERHOFF
                                       ABADY WARD & MAAZEL LLP

                                              /s
                                       Ilann M. Maazel
                                       Max Selver

                                       600 Fifth Avenue, 10th Floor
                                       New York, New York 10020

                                       (212) 763-5000

                                       *Attorneys for Plaintiff*