21-CV-3482 (PKC) (JRC)

EASTERN DISTRICT OF NEW YORK

BRIGID PIERCE,

                                          Plaintiff,

-against-

NEW YORK CITY POLICE DEPARTMENT OFFICER JOSEPH RYDER, et al.,

                                          Defendants.

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO PRECLUDE DEFENDANTS FROM RELYING ON EXHIBIT G TO THEIR RULE 56.1 STATEMENT OR OFFERING OFFICER KRAMAR AS A WITNESS, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(c)(1)**

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
  *Attorney for Defendants*
  *100 Church Street*
  *New York, New York 10007*

  *Of Counsel: Jeffrey F. Frank*
  *Tel: (212) 356-3541*

## PRELIMINARY STATEMENT

Plaintiff fails to show that defendants should be sanctioned for the belated disclosure of the body-worn camera footage of Police Officer Evgeny Kramar (the "Video File"). Defendants concede that the Video File was not timely produced. However, as soon as defendants realized this oversight, they immediately supplemented their discovery responses. As such, defendants did not act with a culpable state of mind in failing to timely disclose the Video File. Further, plaintiff argues that the Video File is "not important" yet claims substantial prejudice from its belated production. Memorandum of Law in Support of Plaintiff's Motion to Preclude, ECF No. 77-1 ("P. Mem.") at 3. Even if the Court finds sanctions were warranted here, preclusion is not the appropriate remedy because the Video File consists of important evidence relevant to whether plaintiff was given a dispersal order before her arrest for violating the curfew. This is dispositive of all claims to which probable cause is an affirmative defense. Accordingly, the Court should deny plaintiff's motion to preclude defendants from (a) relying on the Video File in support of summary judgment, or (b) calling Officer Evgeny Kramar as a witness at trial.

## BACKGROUND

On December 21, 2023, the Court held a pre-motion conference to discuss defendants' anticipated motion for summary judgment. *See* Minute Entry dated December 21, 2023. The Court ordered defendants to file a letter by January 19, 2024, indicating whether they still intend to pursue summary judgment. *Id.* On January 19, 2024, defendants filed a letter confirming their intent to seek partial summary judgment. ECF No. 73. Thereafter, defendants began preparing to file their motion by reviewing the evidence, including body-worn camera footage. In so doing, defendants viewed the Video File and realized it had not been produced during fact discovery. Notably, the Video File shows that protestors yelled, "fuck your curfew," and that a police officer said to plaintiff, "You're not supposed to be out here right now."

Declaration of Bailey Forcier in Support of the Defendants' Motion for Partial Summary Judgment, ECF No. 75-1 at ¶ 8; Defendants' Statement of Undisputed Facts pursuant to Local Civil Rule 56.1 at ¶ 14 (citing evidence showing that a police officer gave that warning to plaintiff at about 8:51 p.m.); *see also id.* at ¶ 16 (citing evidence showing that four minutes later, at about 8:55 p.m., plaintiff was arrested for violating the curfew).  Recognizing that the Video File was responsive to plaintiff's Document Request No. 11, and pursuant to their continuing discovery obligations under Rule 26(e), defendants promptly produced the Video File on January 26, 2024, upon discovering it.  *See* Fed. R. Civ. P. 26(e); *Exhibit 1* to the Declaration of Max Selver, ECF No. 77-3 ("P. Decl.") (explaining the bases for defendants' supplemental disclosure of the Video File); *Exhibit 6* to P. Decl., ECF No. 77-8 at 11 (showing plaintiff's Document Request No. 11).

## ARGUMENT

### THE COURT SHOULD DENY PLAINTIFF'S MOTION TO PRECLUDE THE VIDEO FILE BECAUSE IT IS RELEVANT AND PLAINTIFF HAS FAILED TO SHOW ANY PREJUDICE

**A.     Plaintiff has failed to meet the standard for sanctions under Rule 37.**

Plaintiff has failed to show that she is entitled to any sanction against defendants for their admittedly belated disclosure of the Video File.  Plaintiff, as "[t]he party requesting sanctions under Rule 37[,] bears the burden of showing that [defendants] failed to timely disclose information required by Rule 26."  *Lodge v. United Homes, LLC*, 787 F. Supp. 2d 247, 258 (E.D.N.Y. 2011).  To meet this burden, plaintiff must show: "'(1) that the party having control over the evidence had an obligation to timely produce it; (2) that the party that failed to timely produce the evidence had 'a culpable state of mind'; and (3) that the missing evidence is 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.'"  *Id.* (quoting *In re September 11th Liab. Ins. Coverage Cases*, 243 F.R.D.

114, 131–32 (S.D.N.Y. 2007) (quoting *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002))); *Maldonado v. Town of Greenburgh*, 18 Civ. 11077 (KMK) (AEK), 2022 U.S. Dist. LEXIS 246255, at *11 (S.D.N.Y. Mar. 31, 2022) (applying the same test).

Plaintiff fails to meet her burden. Namely, plaintiff has not shown that defendants acted with a culpable state of mind or that the Video File is relevant to plaintiff's claims. At the December 21, 2023 pre-motion conference, the parties discussed at length the fact that then-produced body-worn camera footage did not show plaintiff receiving an order to disperse. That discussion, and defendants' decision to pursue their motion for summary judgment on January 19, 2024, prompted defense counsel to review the evidence in their possession. That review led defendants to discover that they had not produced the Video File. Upon this realization, defendants immediately supplemented their discovery responses and provided the Video File to plaintiff.

While regrettable, defendants' oversight falls far short of the culpability required to warrant sanctions. *See, e.g.*, *Abkco Music & Records, Inc. v. Coda Publ'g, Ltd.*, 2022 U.S. Dist. LEXIS 176356, at *17–18 (S.D.N.Y. Sep. 28, 2022) (holding, where the record did "not demonstrate that [the party's] failure to disclose the documents was anything more than the product of oversight and carelessness," that the party's explanation was "sufficient to counsel against the extreme sanctions of dismissal or preclusion of the documents," even though such explanation did not excuse or justify the failure); *N.Y.C. Transit Auth. v. Express Scripts, Inc.*, 588 F. Supp. 3d 424, 441 (S.D.N.Y. 2022) (denying defendant's motion to preclude evidence on summary judgment even though plaintiff did "not provide an explanation for its failure to comply with Rule 26(a)"); *Sokolovic v. CVS Health*, 17-CV-6609 (RPK) (SJB), 2023 U.S. Dist. LEXIS 57501, at *38 (E.D.N.Y. Mar. 31, 2023) (finding preclusion of expert witness not warranted where plaintiff had not "explained the reason for the untimely disclosure, but the record contain[ed] no indication

that plaintiff acted in bad faith or willfully"); *see also Outley v. New York*, 837 F.2d 587, 591 (2d Cir. 1988) ("'Considerations of fair play may dictate that courts eschew the harshest sanctions . . . where failure to comply is due to a mere oversight of counsel amounting to no more than simple negligence.'" (quoting *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir. 1979))); *but see Hunter v. City of New York*, 12-CV-6139 (MKB) (RML), 2019 U.S. Dist. LEXIS 133784, at *3 (E.D.N.Y. Aug. 8, 2019) (explaining, "Courts typically hold that unintentional failures are **not** substantially justified," collecting cases, but ultimately finding plaintiff is not entitled to preclusion of the evidence).

Further, "it makes no sense whatsoever that [defendants] or [their] counsel would consciously withhold a piece of evidence that they believe could support their theory of the case, only to produce it at an untimely and wholly inopportune moment that would risk the potential exclusion of that evidence." *See Maldonado*, 2022 U.S. Dist. LEXIS 246255, at *14 (finding a failure to prove a culpable state of mind and denying sanctions). "It requires great contortions to consider how such a course of action could logically have been undertaken with a deliberate, strategic motive to benefit [defendants] and prejudice [plaintiff]." *Id.* at *14–15. Here, the Video File proves that, contrary to what the parties discussed at the December 21, 2023 status conference, plaintiff was individually given an order to disperse. This is undoubtedly supportive of defendants' theory of the case, detailed in the materials in support of their partial summary judgment motion. *See* ECF No. 75-16. Thus, plaintiff cannot show defendants acted with a culpable state of mind.

Nor has plaintiff shown that the Video File would support a claim or defense in this case. In fact, plaintiff argues "the video is not important evidence" and posits that "[i]ts total lack of significance further supports exclusion." P. Mem. at 3. Of course, defendants contend the Video File is relevant, which is why they produced it promptly after realizing it had not been

disclosed and relied upon it in their motion seeking partial summary judgment. Furthermore, if plaintiff posits that the Video File is "not important," then certainly plaintiff is not entitled to sanctions based on its subsequent disclosure. Should the Court agree with defendants that the Video File would support a claim or defense, plaintiff is nonetheless not entitled to sanctions because defendants did not act with a culpable state of mind.

**B.     Plaintiff has failed to show she is entitled to the specific sanction of preclusion.**

Even assuming *arguendo* that the Court finds that sanctions are warranted (which, as defendants have demonstrated, they are not), preclusion is not the appropriate remedy here. "The following factors are intended to guide courts in deciding whether to impose Rule 37(c)(1)'s exclusion sanction: (1) the non-disclosing party's explanation for its failure to disclose required information, (2) the importance of the document or testimony at issue, (3) the prejudice resulting from the failure to disclose, and (4) the possibility of a continuance." *Hunter*, 2019 U.S. Dist. LEXIS 133784, at *4–5 (citing *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997)). "The Second Circuit has held that the sanction of exclusion is discretionary, even where the nondisclosing party's failure was neither harmless nor substantially justified." *Id.* (citing *Lorme v. Delta Air Lines, Inc.*, 251 F. App'x 691, 692 (2d Cir. 2007)); *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 298 (2d Cir. 2006) (finding the District Court did "err in its determination that preclusion is mandatory under Rule 37(c)(1) once the trial court finds that there is no substantial justification and the failure to disclose is not harmless" (internal quotation marks omitted)); *see also Am. Stock Exchange, LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002) ("Despite the 'self-executing' nature of Rule 37(c)(1), the imposition of sanctions under the rule is a matter within the trial court's discretion.").

The Second Circuit has instructed that, while discretionary, the preclusion of evidence under Rule 37 is a "harsh remed[y] and should be imposed only in rare situations."

*Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988); *Clones Inv., LLC v. People's Ins. Co. of China Prop. & Cas. Co.*, 792 F. App'x 126, 128 (2d Cir. 2020) (noting same and affirming district court's denial of motion to preclude evidence); *Am. Stock Exchange, LLC*, 215 F.R.D. at 93 ("Preclusion of evidence is generally a disfavored action."). Hence, "[b]efore the extreme sanction of preclusion may be used by the district court, a judge should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses." *Outley*, 837 F.2d at 591.

Here, as for the first factor, defendants explained above that their failure to timely disclose the Video File was an oversight, which they rectified by immediately producing it. But even assuming that factor weighs in plaintiff's favor, the remaining three factors do not.

As for the second factor, the evidence is obviously important. Again, the Video File shows plaintiff receiving a dispersal order minutes before her arrest for violating the curfew. The importance of this evidence in assessing probable cause weighs strongly against its preclusion. *See, e.g.*, *Maldonado*, 2022 U.S. Dist. LEXIS 246255, at *18 (denying preclusion of evidence that was important to party that had failed to disclose it); *Hunter*, 2019 U.S. Dist. LEXIS 133784, at *5 (finding the evidence's importance weighed in defendants' favor, denying plaintiff's motion to preclude the evidence, but granting other sanctions); *N.Y.C. Transit Auth.*, 588 F. Supp. 3d at 441 (finding belatedly disclosed evidence of damages was vital and therefore denying its preclusion).

As for the third factor, plaintiff fails to show that the belated disclosure resulted in prejudice. Plaintiff claims she was "deprived . . . of the opportunity to take any discovery about the video, including even discovery to verify that it is in fact Officer Kramar's body-worn camera footage," yet simultaneously declares that the Video File is unimportant evidence. P. Mem. at 3. Notably, plaintiff did not seek discovery as to the authenticity of any other body-worn camera

footage that was produced during fact discovery. As such, assuming that plaintiff is not contesting that the other body-worn camera files produced in this case are what they purport to be, it is unclear why the Video File at issue is any different. Setting aside, then, plaintiff's baseless speculation that the authenticity of the Video File requires further verification, plaintiff fails to identify *what* discovery she would or could have sought had the Video File been disclosed earlier. On summary judgment, "'reliable objective evidence,' such as a video recording, 'may speak for itself' and negate facts proffered by the parties." *Caldwell v. Geronimo*, 19 Civ. 8253 (KPF) 2021 U.S. Dist. LEXIS 162741, at *10 (S.D.N.Y. Aug. 27, 2021) (quoting *Marcavage v. City of New York*, 689 F.3d 98, 110 (2d Cir. 2012)). Similarly here, the Video File does indeed speak for itself—it shows plaintiff receiving an order to disperse—and, as such, plaintiff has failed to show prejudice.

To the extent plaintiff claims prejudice from the lack of opportunity to depose Officer Kramar, the remedy is not to preclude the evidence but to reopen fact discovery for the limited purpose of conducting that deposition. *See, e.g.*, *Sokolovic*, 2023 U.S. Dist. LEXIS 57501, at *38–39 (E.D.N.Y. Mar. 31, 2023) (denying motion to preclude and finding any prejudice to defendants from plaintiff's belated disclosure was "minimal because trial is not yet scheduled and defendants may move to reopen discovery"); *Hunter*, 2019 U.S. Dist. LEXIS 133784, at *7 (denying motion to preclude important evidence, but ordering that discovery be reopened on a limited basis to allow depositions and interrogatories related to the evidence, and granting fees and costs to the moving party); *Feltenstein v. City of New Rochelle*, 14 Civ. 5434 (NSR), 2018 U.S. Dist. LEXIS 138393, at *22 (S.D.N.Y. Aug. 8, 2018) (denying plaintiff's motion to preclude evidence disclosed over two years after discovery had closed because it was relevant to a defense "at the heart of [defendants'] trial strategy," but ordering that discovery be reopened to allow plaintiff to take an additional deposition related to the new evidence, and denying any fees to

plaintiff aside from the cost of the deposition).  For the same reason, precluding Officer Kramar as a trial witness is not an appropriate remedy.  In the Second Circuit, "[c]ourts have found that the failure to disclose potential witnesses who were known to the opposing party does not warrant precluding the witnesses' testimony."  *Farkas v. Avalon Gold, LLC*, 19-CV-4779 (DG) (RML), 2023 U.S. Dist. LEXIS 234748, at *9 (E.D.N.Y. June 28, 2023) (collecting cases).  Therefore, to the extent plaintiff has shown any prejudice from defendants' belated disclosure of the Video File, the Court should order that discovery be reopened for the limited purpose of conducting Officer Kramar's deposition, the cost of which defendants will bear.[1]  This is in line with the Second Circuit's guidance that preclusion is a harsh, disfavored remedy and that district courts must first consider less drastic sanctions, to the extent any are warranted.  *See Outley*, 837 F.2d at 591.

        Notably, plaintiff opposes the reopening of discovery because, *inter alia*, it would be "inefficient," as plaintiff contends the Video File has no relevance to defendants' partial motion for summary judgment.  P. Mem. at 4.  Yet, plaintiff also suggests she was deprived of the opportunity to conduct any discovery about the Video File.  *Id.* at 3.  Plaintiff cannot have it both ways.  If the Video File is not relevant, then plaintiff was not deprived of any critical discovery.  If it is relevant, as defendants contend, then it would not be inefficient or unreasonable to reopen discovery for the limited purpose of a single deposition at defendants' expense.

        For the same reasons, the fourth and final factor—the possibility of a continuance—also weighs against preclusion.  No trial date has been set in this case, which means a continuance

---

[1] Defendants would pay for the costs of a stenographer and copies of the deposition transcript for the parties.  As plaintiff's motion does not seek costs or fees, *see generally* ECF No. 77, plaintiff waived the right to do so.  Even if plaintiff *did* seek costs and fees and does prevail on this motion, plaintiff is still not entitled to attorney's fees.  Even in cases where courts grant a party's motion for sanctions, courts typically deny associated applications for attorney's fees where "the deposition of the newly discovered witness would have likely taken place during discovery" had the non-movant comported with their discovery obligations.  *See, e.g.*, *Feltenstein*, 2018 U.S. Dist. LEXIS 138393, at *24–25 (citing *Complaint of Kreta Shipping, S.A.*, 181 F.R.D. 273, 278 (S.D.N.Y. 1998)) (collecting cases).

is possible. This weighs against preclusion. *See Sokolovic*, 2023 U.S. Dist. LEXIS 57501, at *38–39 (finding lack of set trial date meant a continuance was feasible, which weighed against preclusion); *Maldonado*, 2022 U.S. Dist. LEXIS 246255, at *20 (same); *Feltenstein*, 2018 U.S. Dist. LEXIS 138393, at *22–23 (same); *Hunter*, 2019 U.S. Dist. LEXIS 133784, at *6–7 (denying preclusion where a continuance was possible after evidence was disclosed three months after the close of fact discovery but before summary judgment briefing had begun or a trial date had been set); *compare Lodge*, 787 F. Supp. 2d at 262 (finding a continuance was not possible where defendants had failed to produce relevant documents for over five years, waiting until a few months before trial). Because a continuance is feasible, the fourth factor weighs against preclusion.

Accordingly, an analysis of the factors above weighs against precluding the Video File or Officer Kramar's trial testimony, and the Court should therefore deny plaintiff's motion.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court deny, in its entirety, plaintiff's motion for an Order precluding this evidence pursuant to Rule 37, together with such costs, fees, and other further relief as the Court deems just and proper.

Dated: New York, New York
        March 29, 2024

                                        HON. SYLVIA O. HINDS-RADIX
                                      Corporation Counsel of the City of New York
                                      *Attorney for Defendants*
                                      100 Church Street, Room 3-178
                                      New York, New York 10007
                                      (212) 356-3541 | jefrank@law.nyc.gov

By: _/s/ Jeffrey Frank_____
       Jeffrey F. Frank
       *Assistant Corporation Counsel*
       Special Federal Litigation Division

cc:     All Counsel (via ECF)