```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
BRIGID PIERCE,

                        Plaintiff,                          MEMORANDUM & ORDER
         - against -                                        21-CV-3482 (PKC) (JRC)

NEW YORK CITY POLICE DEPARTMENT
OFFICER JOSEPH RYDER, et al.,

                        Defendants.
-------------------------------------------------------x
```

PAMELA K. CHEN, United States District Judge:

On June 21, 2021, Plaintiff Brigid Pierce ("Plaintiff") brought this action against Defendants City of New York; New York City Police Department ("NYPD") Officers Joseph Ryder, Danielle Moses, Michael Said, and Steven Kamalic, in their individual capacities (the "Individual Defendants"); and several unidentified NYPD police officers, (collectively, "Defendants"). (Compl., Dkt. 1; Am. Compl., Dkt. 26.) On February 12, 2025, this Court issued a Memorandum & Order ("Summary Judgment Order") denying Defendants' motion for partial summary judgment and granting Plaintiff's sanctions motion. (Summ. J. Order, Dkt. 86.) Before the Court is Defendants' motion for reconsideration of the Summary Judgment Order. (Defs.' Mot. Recons., Dkt. 90.) For the reasons set forth below, the Court denies Defendants' motion for reconsideration.

## BACKGROUND

The Court assumes the parties' familiarity with the factual and procedural background of the case, which was thoroughly detailed in the Summary Judgment Order, and recites only relevant facts in this decision. (Summ. J. Order, Dkt. 86, at 2–5.) On June 3, 2020, Plaintiff Brigid Pierce participated in a protest attended by thousands of people at Cadman Plaza in Brooklyn, New York,

following the killing of George Floyd by a Minneapolis police officer. (*Id.* at 2.) At the time, a daily city-wide curfew was in effect between 8:00 p.m. and 5:00 a.m. (*Id.*) Plaintiff was arrested by NYPD officers at around 8:55 p.m. (*Id.*) Plaintiff asserts—and the parties dispute—that she did not receive an order to disperse before her arrest. (*Id.*)

At the summary judgment stage, Defendants argued that they are entitled to summary judgment on Plaintiff's false arrest, malicious prosecution, and First Amendment claims because there was probable cause to arrest Plaintiff for violating the curfew in effect at the time. (*Id.* at 9.) The Court found that "[g]iven the existence of genuine factual disputes as to whether a dispersal order was communicated to Plaintiff or even the crowd of protesters [before Plaintiff's arrest], it is the jury's duty to resolve those disputes." (*Id.* at 11 (quoting *Kerman v. City of New York*, 261 F.3d 229, 240 (2d Cir. 2001).) The Court further granted Plaintiff's sanctions motion, (Dkt. 77), to preclude Defendants' belatedly produced Exhibit G (Officer Evgeny Kramar's body-worn camera footage) from being considered in resolving the summary judgment motion because Defendants' failure to timely produce this evidence "was neither substantially justified nor harmless." (Summ. J. Order, Dkt. 86, at 7.) The Court also granted Plaintiff's motion to preclude, (Dkt. 77), Officer Kramar from testifying at trial. (Summ. J. Order, Dkt. 86, at 7.)

## PROCEDURAL HISTORY

Defendants timely filed this motion for reconsideration on February 26, 2025. (Defs.' Mot. Recons., Dkt. 90.) Plaintiff filed her opposition on March 10, 2025. (Pl.'s Opp'n, Dkt. 93.) Defendants filed their reply, and this motion was ripe for adjudication, on March 26, 2025. (Defs.' Reply, Dkt. 95.)

## LEGAL STANDARD

Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Butto v. Collecto Inc.*, 845 F. Supp. 2d 491,

2

494 (E.D.N.Y. 2012) (citation omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (citation omitted). "A party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Hicksville Water Dist. v. Jerry Spiegel Assocs.*, No. 19-CV-6070 (PKC) (RML), 2022 WL 4072683, at *2 (E.D.N.Y. Sept. 2, 2022) (citation omitted). "The manifest injustice standard is, by definition, deferential to district courts and provides relief only in the proverbial rare case." *Corsair Special Situations Fund, L.P. v. Nat'l Res.*, 595 F. App'x 40, 44 (2d Cir. 2014) (summary order) (cleaned up) (citation omitted).

A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012) (citation omitted). Furthermore, arguments raised for the first time on reconsideration are not proper grounds for reconsideration. *See Image Processing Techs., LLC v. Canon Inc.*, No. 10-CV-3867 (SJF) (ETB), 2012 WL 253097, at *1 (E.D.N.Y. Jan. 26, 2012) ("[A] party is not permitted to 'advance new facts, issues[,] or arguments not previously presented to the Court' on a motion for reconsideration." (citing *Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp.*, 948 F.2d 111, 115 (2d Cir. 1991))).

## DISCUSSION

The Court construes Defendants as making two broad arguments in support of their motion for reconsideration. The Court considers each of these arguments in turn.

### I.    Defendants' Procedural Argument

Defendants first assert that the Court's Summary Judgment Order was "premature" because the Court issued it "prior to defendants' filing of a memorandum of law in support of their motion." (Mem. L. Supp. Defs. Mot. Recons. ("Defs.' Mem."), Dkt. 91, at 1.) In so doing, Defendants contend that the Court "did not consider arguments defendants *intended to make* with respect to the viability of plaintiff's claims." (*Id.* (emphasis added).)

Defendants' procedural argument is inapposite. The argument suggests, incorrectly, that the Court ignored Defendants' request for a full briefing schedule. Quite the opposite—Defendants were on notice that the Court intended to resolve this motion on an expedited basis by relying on the parties' 56.1 statements and evidentiary submissions, without accompanying legal briefing. (*See* 12/21/2023 Min. Entry.) Neither party raised objections to the Court's approach during the December 21, 2023 conference. This understanding that the motion would be resolved without accompanying briefs was further clarified via subsequent letters. For example, on February 16, 2024, Defendants filed their 56.1 statements and accompanying exhibits. (Dkt. 75.) In their cover letter, they said, "for the reasons stated herein and for the reasons that Defendants will set forth in their anticipated memorandum of law in support of Defendants' motion for partial summary judgment, Defendants are entitled to summary judgment." (*Id.* at 1.) When Plaintiff filed her 56.1 counterstatement and accompanying exhibits, she objected to Defendants' representation that a memorandum of law should be forthcoming, reminding Defendants that: "[t]he Court made clear at the parties' December 21, 2023 pre-motion conference that, in light of

4

the arguments and evidence presented at that conference, the Court would decide summary judgment based on the parties' 56.1 Statements and evidentiary submissions, without accompanying legal briefing." (Dkt. 76, at 1.) Defendants did not respond to Plaintiff's objections, nor did they subsequently file or attempt to file a memorandum of law. Instead, Defendants submitted their reply 56.1 statements on March 22, 2024. (Dkt. 79.) Almost eleven months passed before the Court issued its Summary Judgment Order. In that time, Defendants did not seek to file, nor file, a memorandum of law for their motion. The record therefore demonstrates that Defendants were fully aware of, and either consented to or waived their right to object to, the Court resolving the partial summary judgment motion on an expedited basis without legal briefs.

Importantly, Defendants do not argue that due process was violated by the Court resolving the motion in this manner. Nor can they. Defendants were given sufficient notice and opportunity to make arguments in the pre-motion conference and subsequent filings, such as in their cover letter accompanying the 56.1 statements—and Defendants did so. For example, when Defendants submitted their letter notifying the Court that they were moving for partial summary judgment, they reiterated that their summary judgment arguments would be on "probable cause" and "qualified immunity grounds," as elaborated on in the pre-motion conference. (Dkt. 73.) In their cover letter accompanying their 56.1 statements and exhibits, Defendants stated that they "intend[ed] to argue, *inter alia*, that these claims all fail because there was probable cause to arrest Plaintiff for a curfew violation under the Executive Order." (Dkt. 75, at 1.) Defendants further stated that they "will argue that the law does not require that dispersal orders be given prior to an arrest for a curfew violation, but that regardless, the record nonetheless shows that Plaintiff was ordered to disperse. At a minimum, the individual Defendants are entitled to qualified immunity because[] Officer Ryder[,] who arrested Plaintiff, reasonably believed she had been ordered to

5

disperse." (*Id.*) Defendants thus did not suffer from a procedural error because they had opportunities to put forward their arguments and were on sufficient notice that the Court would resolve their motion on an expedited basis without accompanying legal briefs. *See In re Best Payphones, Inc.*, 450 F. App'x 8, 15 (2d Cir. 2011) (summary order) (affirming the district court's judgment after finding no abuse of discretion in its treatment of a pre-motion letter as a motion when the losing party "had the opportunity to make the arguments necessary to preserve its [position] for appellate review" and "ha[d] not pointed to any additional argument it would have made had it filed full motion papers").

Now, Defendants seek to raise before the Court arguments that they *would have* made in their memorandum of law, including that: (1) Defendants are entitled to qualified immunity as to Plaintiff's claims for false arrest, malicious prosecution, and First Amendment retaliation claims "because it was not clearly established that arresting an individual for violating a curfew without giving a dispersal order was unconstitutional," (Defs.' Mem., Dkt. 91, at 5), (2) "[P]laintiff's malicious prosecution claim fails because 'the issuance of a pre-arraignment, non-felony summons requiring a later court appearance, without further restrictions, does not constitute a Fourth Amendment seizure,'" (*id.* at 7 (citation omitted)), and (3) "[P]laintiff's First Amendment retaliation claim fails because '[P]laintiff cannot demonstrate that any of the [I]ndividual [D]efendants' actions were motivated or substantially caused by her exercise of a First Amendment right," (*id.* at 8).

These arguments were either already raised or effectively forfeited by Defendants because they knew that the Court would resolve the motion on an expedited basis without accompanying legal briefs but nevertheless failed to point the Court to these arguments in their submissions. It is well-settled law that forwarding new legal arguments in a motion for reconsideration is

6

procedurally improper. *See Indradjaja v. Holder*, 737 F.3d 212, 218 (2d Cir. 2013) ("[A] motion to reconsider based on a legal argument that could have been raised earlier in the proceedings, but was not, will be denied." (citation omitted)). Defendants have thus not presented the Court with an intervening change of controlling law, availability of new evidence, or need to correct a clear error or prevent manifest injustice that would otherwise warrant reconsideration.

## II. Defendants' Arguments on Preclusion of Evidence

Finally, Defendants urge the Court to "correct a clear error and prevent manifest injustice" and reconsider its decision to preclude body-worn camera footage evidence and trial testimony from Officer Kramar. (Defs.' Reply, Dkt. 95, at 7 (cleaned up and citation omitted).) Since preclusion is a "harsh remedy that 'should be imposed only in *rare* circumstances,'" (*id.* at 8 (quoting *Angioletti v. Chao*, 720 F. App'x 41, 44 n.2 (2d Cir. 2017) (summary order) (citations omitted and emphasis in original)), Defendants propose that the Court consider (1) that their untimely disclosures were "an oversight and inadvertent error," (2) that "the significance of the video evidence and Officer Kramar's testimony weighs against preclusion," (3) that there would be no "specific, meaningful prejudice from the delay," and (4) the possibility of lesser remedies, (Defs.' Reply, Dkt. 95, at 9–10).

The Court's Summary Judgment Order, however, did consider all four of these factors. (*See* Summ. J. Order, Dkt. 86, at 5–7.) In that Order, the Court held that "[w]hether Defendants' delay was unintentional is irrelevant" for imposing sanctions; that the materiality of the video evidence and trial testimony did not outweigh the resulting prejudice to the Plaintiff; and that the Court saw "no reason" to impose lesser sanctions given that "this action has been ongoing for over four years, and discovery started as early as October 2021." (*Id.* at 6–7.) Moreover, "the imposition of sanctions under Rule 37(c)(1) is a matter within the trial court's discretion." *Mavl*

7

*Cap., Inc. v. Marine Transp. Logistics, Inc.*, No. 13-CV-7110 (PKC) (RLM), 2018 WL 1474175, at *10 (E.D.N.Y. Mar. 26, 2018) (citing *Johnson Elec. N. Am. Inc. v. Mabuchi Motor Am. Corp.*, 77 F. Supp. 2d 446, 458 (S.D.N.Y. 1999)), *aff'd*, 771 F. App'x 56 (2d Cir. 2019) (summary order)). Once again, Defendants' arguments are a plain attempt to relitigate the case, and they do not identify any clear error or manifest injustice, any intervening change in controlling law, or any newly available evidence that would otherwise warrant a reconsideration of the Summary Judgment Order.

## CONCLUSION

For the reasons stated herein, Defendants' motion for reconsideration is denied.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 28, 2025
    Brooklyn, New York