UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BRIGID PIERCE,

                      Plaintiff,

       -against-

NEW YORK CITY POLICE DEPARTMENT
OFFICER JOSEPH RYDER, shield number
21617, in his individual capacity; NEW YORK
CITY POLICE DEPARTMENT OFFICER
DANIELLE MOSES, tax identification number
966234, in her individual capacity; NEW YORK
CITY POLICE DEPARTMENT OFFICER
MICHAEL SAID, shield number 11735, in his
individual capacity; NEW YORK CITY POLICE
DEPARTMENT OFFICER STEVEN
KAMALIC, tax identification number 960740,
in his individual capacity; THE CITY OF NEW
YORK,

                    Defendants.

No. 21 Civ. 3482 (PKC)
(JRC)

**PROPOSED JOINT
PRE-TRIAL ORDER**

       The parties having conferred among themselves and with the Court, and pursuant to this

Court's Individual Practices, the Court hereby adopts this Joint Pretrial Order.

    **1.  Trial Counsel**

<u>Attorneys for Plaintiff</u>
Ilann M. Maazel
Max Selver
Emery Celli Brinckerhoff Abady Ward & Maazel LLP
One Rockefeller Plaza, 8th Floor
New York, NY 10020
Office: 212-763-5000
Fax: 212-763-5001
imaazel@ecbawm.com
mselver@ecbawm.com

Attorneys for Defendants[1]
MURIEL GOODE-TRUFANT
Office of the Corporation Counsel
100 Church Street
New York, N.Y. 10007
Bailey Forcier (212-356-5054; bforcier@law.nyc.gov)

## 2. Subject Matter Jurisdiction

The Court has subject matter jurisdiction over Plaintiff's federal excessive force, false

arrest, malicious prosecution, and First Amendment retaliation claims under 28 U.S.C. §§ 1331

and 1343(a)(3) because those claims arise under 42 U.S.C. §§ 1983 and 1988. The Court has

subject matter jurisdiction over Plaintiff's New York state law claims for assault, battery, false

arrest/false imprisonment, negligent denial of medical care, and malicious prosecution based on

supplemental jurisdiction under 28 U.S.C. § 1367(a).

Defendants do not contest subject matter jurisdiction.

## 3. Summary of Claims and Defenses

Plaintiff

Brigid Pierce brings the following claims under federal law pursuant to 42 U.S.C. § 1983,

each of which consist of the following elements: (i) Defendants acted under color of state law,

(ii) Defendants deprived Ms. Pierce of her rights guaranteed by the United States Constitution,

and (iii) Defendants' conduct was the proximate cause of Ms. Pierce's injuries.

- Excessive Force (Fourth Amendment) against Defendant NYPD Officer Joseph Ryder.

- False Arrest (Fourth Amendment) against Officer Ryder.

- First Amendment Retaliation against Officer Ryder.

---

[1] Co-counsel for defendants will be assigned in advance of trial.

2

- Malicious prosecution (Fourth Amendment) against Defendant NYPD Officer Dnaielle Moses.

Ms. Pierce also brings the following claims under New York common law, which consist of the following elements:

- Assault and Battery against Officer Ryder and Defendant City of New York: NYPD officers acting within the scope of their employment used force that was not objectively reasonable under the facts and circumstances confronting them. The City of New York is liable under the doctrine of *respondeat superior* for the assault and battery by Officer Ryder and by other unnamed NYPD officers, all of whom acted within the scope of their employment.

- False arrest and false imprisonment against Officer Ryder and City of New York: (1) NYPD officers acting within the scope of their employment intended to confine Ms. Pierce; (2) Ms. Pierce was conscious of the confinement; (3) Ms. Pierce did not consent to the confinement; and (4) the confinement was not otherwise privileged. The City of New York is liable under the doctrine of *respondeat superior* for the arrest by Officer Ryder and by other unnamed NYPD officers, all of whom acted within the scope of their employment.

- Malicious prosecution against Officer Moses and City of New York: (1) Officer Moses, acting within the scope of her employment, initiated the prosecution against Ms. Pierce; (2) Officer Moses lacked probable cause to believe the proceeding could succeed; (3) Officer Moses acted with malice; (4) the prosecution terminated in Ms. Pierce's favor.

- Negligent denial of medical care against Officer Moses, Defendant NYPD Officer

3

Steven Kamalic, Defendant NYPD Officer Michael Said, and City of New York:

Defendant officers, acting within the scope of their employment, owed Ms. Pierce a

duty to provide adequate medical care while she was in their custody and negligently

failed to provide such care.

<u>Defendants</u>

As an initial matter, defendants respectfully note that they have a pending motion for reconsideration, which, if granted would dispose of plaintiff's false arrest, malicious prosecution and First Amendment retaliation claims.[2]

However, as of now, the following claims are to be tried:

a. Excessive Force, pursuant to 42 U.S.C. § 1983, against defendant Ryder;
b. False Arrest, pursuant to 42 U.S.C. § 1983, against defendant Ryder;
c. Malicious Prosecution, pursuant to 42 U.S.C. § 1983, against defendant Moses;
d. First Amendment Retaliation, pursuant to 42 U.S.C. § 1983, against defendant Ryder;
e. Negligent Denial of Medical Care, pursuant to New York state law, against all defendants;
f.  Assault, pursuant to New York state law, against defendants Ryder and City of New York;
g. Battery, pursuant to New York state law, against defendants Ryder and City of New York;
h. Malicious Prosecution, pursuant to New York state law, against defendants Moses and City of New York; and
i. False Arrest, pursuant to New York state law, against defendants Ryder and City of New York.

With respect to plaintiff's excessive force claim, defendant Ryder contends that any force used was reasonable under the circumstances.  Defendant Ryder further contends that he is entitled to qualified immunity.

With respect to plaintiff's false arrest claims, defendants Ryder and City of New York contend that there was probable cause to arrest plaintiff.  Defendant Ryder further contends that he is entitled to qualified immunity, and defendants Ryder and City of New York contend that they are entitled to state law immunity.

With respect to plaintiff's malicious prosecution claims, defendants Moses and City of New York contend that plaintiff is unable to prove a lack of probable cause to prosecute her or malice.  Defendant Moses further contends that plaintiff did not suffer a post-arraignment deprivation of liberty.  Defendant Moses further contends that she is entitled to qualified immunity and defendants Moses and City of New York contend that they are entitled to state law immunity.

---

[2] Defendants acknowledge that the Court issued a Memorandum & Order regarding the motion on April 28, 2025.

With respect to plaintiff's First Amendment retaliation claim, defendant Ryder contends that plaintiff is unable to prove that his actions were motivated or substantially caused by plaintiff's exercise of a First Amendment right, or that he arrested plaintiff in retaliation for her exercise of a First Amendment right. Defendant Ryder further contends that plaintiff cannot prove that she was arrested when otherwise similarly-situated protestors engaged in the same sort of allegedly protected speech had not been. Defendant Ryder further contends that there was probable cause to arrest plaintiff and that he is entitled to qualified immunity.

With respect to plaintiff's negligence/negligent denial of medical care claim, defendants contend that this claim fails because (1) they are subsumed by other claims, (2) the individual defendants did not owe plaintiff a special duty, and (3) plaintiff will be unable to show that any defendant denied her treatment or that she had a sufficiently serious medical condition. Defendants further contend that they are entitled to state law immunity.

With respect to plaintiff's assault and battery claims, defendants Ryder and City of New York contend that any force used was reasonable under the circumstances. Defendants Ryder and City of New York further contend that, to the extent that plaintiff's assault and battery claims are premised on her arrest itself, plaintiff's claim fails because there was probable cause to arrest her. Defendants Ryder and City of New York further contend that they are entitled to state law immunity.

The following affirmative defenses are also to be tried:

   a.   Any injury alleged to have been sustained resulted from plaintiff s own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendants.
   b.   Plaintiff provoked the incident.
   c.   Plaintiff failed to mitigate her alleged damages.
   d.   Plaintiff cannot demonstrate that the individual defendants' actions were willful, wanton, or malicious, entitling her to recover any amount as punitive damages.

## 4. Jury and Length of Trial

The trial is to be tried by a jury. Plaintiff estimates the length of the trial will be six days.

Defendants anticipate trial will take approximately seven to ten days.

## 5. Consent to Trial by Magistrate Judge

The parties do not consent to a trial by the Magistrate Judge.

## 6. Stipulations or Agreed Statements of Fact or Law

None.

## 7. List of Trial Witnesses

<u>Plaintiff</u>:[3] [4]

Plaintiff reserves the right to call the following witnesses in her case-in-chief.

i. Plaintiff Brigid Pierce (fact witness): Ms. Pierce is the Plaintiff in this case. She will testify about Defendants' assault and arrest of her on June 3, 2020, the ensuing prosecution, and the damages she suffered as a result of Defendants' conduct.

ii. Defendant NYPD Officer Joseph Ryder (fact witness): Officer Ryder is an NYPD Officer and a Defendant in this case. He will testify about his assault and arrest of Ms. Pierce on June 3, 2020.

iii. Defendant NYPD Officer Danielle Moses (fact witness): Officer Moses is an NYPD Officer and a Defendant in this case. She will testify about (i) her issuance of a summons to Ms. Pierce on June 4, 2020, and (ii) her and the NYPD's response to Ms. Pierce's requests for medical care while she was in NYPD custody.

iv. Defendant NYPD Officer Steven Kamalic (fact witness): Officer Kamalic is an NYPD Officer and a Defendant in this case. He will testify about his and the NYPD's response to Ms. Pierce's requests for medical care while she was in NYPD custody.

v. Defendant NYPD Officer Michael Said (fact witness): Officer Said is an NYPD Officer and a Defendant in this case. He will testify about his and the NYPD's response to Ms. Pierce's requests for medical care while she was in NYPD custody.

vi. Cara Warner (fact witness): Ms. Warner attended the protest with Ms. Pierce on June 3, 2020. She will testify about Defendants' assault and arrest of Ms. Pierce and how those events have affected Ms. Pierce.

vii. Susie Armitage (fact witness): Ms. Armitage attended the protest with Ms. Pierce on June 3, 2020. She will testify about Defendants' assault and arrest of Ms. Pierce and how those events have affected Ms. Pierce.

viii. Jessica Pellier-Cuit (fact witness): Ms. Pellier-Cuit is Brigid Pierce's ex-wife. She will testify about how Defendants' assault and arrest affected Ms. Pierce.

---

[3] Defendants intend to move *in limine* to preclude or limit the testimony of Cara Warner, Susie Armitage, Jessica Pellier-Cuit, Siddhartha Nadkarni, Jessica Pearson, Richard Storm, Kristin Kucsma, and Edmond Provder as set forth in Section 10 below.
[4] Plaintiff reserves the right to call at trial any witness listed by Defendants.

ix.    Siddhartha Nadkarni, M.D. (expert witness): Dr. Nadkarni is a neurologist and neuropsychiatrist. He will testify about the matters in his expert report and the permanent brain injury Ms. Pierce suffered because of Defendants' June 3, 2020 assault.

x.    Jessica Pearson, Psy.D. (expert witness): Dr. Pearson is a forensic psychologist. She will testify about the matters in her expert report and the mental health effects Ms. Pierce suffered because of Defendants' June 3, 2020 assault.

xi.    Richard Storm, M.D. (expert witness): Dr. Storm is an ophthalmologist. He will testify about the matters in his expert report and the cause of Ms. Pierce's visual symptoms following Defendants' June 3, 2020 assault.

xii.    Kristin Kuscma, M.A. (expert witness): Ms. Kuscma is an economic analyst. She will testify about the matters in her expert report and Ms. Pierce's economic damages caused by Defendants' June 3, 2020 assault.

xiii.    Edmond Provder, M.Ed (expert witness): Mr. Provder is a life care planner. He will testify about the matters in his expert report and Ms. Pierce's life care needs following Defendants' June 3, 2020 assault.

xiv.    To the extent Defendants challenge the authenticity of Plaintiff's Exhibits 16-17 and 19-22—which Plaintiff timely produced to Defendants with her expert disclosures on September 30, 2022, as records Dr. Siddhartha Nadkarni relied on in forming his expert opinions—Plaintiff will call witnesses to authenticate those records.

Defendants[5]:

i.    Defendant Police Officer Joseph Ryder[6] (fact witness) will testify about, *inter alia*, his interactions with and observations of plaintiff on June 3, 2020;

ii.    Defendant Police Officer Danielle Moses (fact witness) will testify about, *inter alia*, his interactions with and observations of plaintiff on June 3, 2020;

iii.    Defendant Police Officer Michael Said (fact witness) will testify about, *inter alia*, his interactions with and observations of plaintiff on June 3, 2020;

---

[5] Defendants reserve the right to call at trial any witness listed by plaintiff. This witness list is contingent on the Court's rulings before and after trial and the development of the evidence at trial. The listing of a witness is not a concession that the witness may be properly called by another party in all parts of the trial or for all purposes. Defendants reserve the right to not call listed witnesses or to supplement this witness list in the future. Defendants reserve the right to designate the deposition testimony of any witness who is unavailable for trial. Defendants reserve the right to offer deposition testimony in lieu of in person testimony insofar as permitted by the Federal Rules of Civil Procedure and Federal Rules of Evidence, and reserve the right to use deposition testimony on cross-examination.

[6] The individual defendants, as well as non-party witnesses Tarik Sheppard, Gustavo Jaramillo, and Soner Ozuk, may be contacted through defense counsel.

iv.     Defendant Former Police Officer Steven Kamalic (fact witness) will testify about, *inter alia*, his interactions with and observations of plaintiff on June 3, 2020;

v.      Non-Party Assistant Chief and Commanding Officer Tarik Sheppard[7] (fact witness) will testify about, inter alia, the events of June 3, 2020;

vi.     Non-Party Police Officer Gustavo Jaramillo (fact witness) will testify about, *inter alia*, his interactions with and observations of plaintiff on June 3, 2020;

vii.    Non-Party Police Officer Soner Ozuk (fact witness) will testify about, *inter alia*, his interactions with and observations of plaintiff on June 3, 2020;

viii.   Dr. Robert April, M.D. (expert witness) will testify about plaintiff's alleged neurological injuries; and

ix.     Josefina V. Tranfa-Abboud, Ph.D., CFE, MAFF, (expert witness) will testify about plaintiff's purported economic damages.

**8. Designation of Deposition Testimony**

<u>Plaintiff's Designations</u>

Plaintiff has no deposition designations at this time based on defense counsel's representation that Defendants anticipate that all NYPD officers who provided deposition testimony will be available for trial.[8] Plaintiff respectfully requests to reserve the right to make deposition designations if one or more officers on Plaintiff's witness list become unavailable for trial. Plaintiff also reserves the right to use any prior testimony for other purposes authorized the

---

[7] Plaintiff objects to the inclusion of Captain Sheppard on Defendants' witness list because he did not interact with Brigid Pierce on June 3, 2020, and has no relevant knowledge concerning this case.

[8] Defense counsel did not represent to plaintiff that "all NYPD officers who provided deposition testimony will be available for trial." Defendants cannot assess the availability of those 12 officers until specific trial dates are discussed with the Court. However, defendants currently anticipate that the individual defendants will be available and present for trial. Plaintiff's counsel's representation, above, that Defendants anticipate all officers who provided deposition testimony being available for trial is accurate. On April 1, 2025, Plaintiff's counsel emailed defense counsel asking: "Can you let us know if you anticipate any of the officers who were deposed in this case being unavailable for trial?" On April 2, 2025, defense counsel responded: "Not at this time." On April 10, 2025, Plaintiff's counsel emailed defense counsel asking to "confirm in advance of the due date of the JPTO that the officers who were deposed we will be available to testify at trial." On April 14, 2025, defense counsel responded: "there is no trial date. As such, we cannot confirm anyone's availability yet but, at this time, we have no reason to believe that anyone will be unavailable."

Federal Rules of Civil Procedure and Federal Rules of Evidence, including but not limited to impeachment purposes.

<u>Defendants' Designations</u>

Defendants are not designating any prior sworn testimony for their case-in-chief, but reserve the right to use any prior testimony, in any manner authorized by the Federal Rules of Evidence and the Federal Rules of Civil Procedure, including, but not limited to, for impeachment purposes.  The defendants object to the designation of deposition testimony of any witness expected to appear live at trial, as the reading of deposition testimony in addition to live testimony would be confusing and cumulative. Fed. R. Evid. 403.  Moreover, the deposition testimony of non-party witnesses is not admissible except for impeachment or in the event of unavailability. Defendants object to the use of deposition testimony of any witness not present at trial unless the party seeking to introduce such testimony has made a showing that the witness is unavailable as defined by Rule 804 of the Federal Rules of Evidence.

9. **Exhibit Lists**[9]

Plaintiff's Exhibits[10]

| Exhibit Number | Exhibit Description | Source | Defendants' Objections |
|---|---|---|---|
| 1 | NYPD Patrol Guide – Force Guidelines | Plaintiff's Dep. Ex. 1 | F.R.E. 402, 403, and Callahan v. Wilson, 863 F.3d 144, 153 (2d Cir. 2017). Defendants object to this exhibit on the grounds that it is not relevant to any claims or defenses. This exhibit would cause juror confusion and be prejudicial to defendants as it would distract from the issues to be tried and create a trial-within-a-trial as defendants would be forced to defend against allegations that do not rise to a constitutional violation. Moreover, even if plaintiff proves the officers deviated from their training, it still does not prove a constitutional violation of any claim at issue in this case. Defendants will further address the admissibility of this exhibit *in limine*. |
| 2 | NYPD Patrol Guide – Use of Body-Worn Cameras | Plaintiff's Dep. Ex. 3 | See objection to Plaintiff's Exhibit 1. |
| 3 | NYPD Patrol Guide – Injury During Police Action | Plaintiff's Dep. Ex. 5 | See objection to Plaintiff's Exhibit 1. |

---

[9] Defendants intend to propose redactions to hearsay within hearsay, pursuant to F.R.E. 405, contained within medical records.

[10] Plaintiff reserves the right to offer and/or use any exhibits listed on Defendants' exhibit list.

| Exhibit Number | Exhibit Description | Source | Defendants' Objections |
|---|---|---|---|
| 4 | Brigid Pierce Cell Phone Video of Arrest and Assault | Plaintiff's Dep. Ex. 7 | F.R.E. 402, 403, 802. Defendants object to the extent the audio of this video is hearsay, including plaintiff's own statements, and unfairly prejudicial.<br><br>Defendants do not object to the presentation of this video without audio, through a proper witness, at an appropriate time, and for a relevant purpose. |
| 5 | Bystander Cell Phone Video of Arrest and Assault | Plaintiff's Dep. Ex. 8 | F.R.E. 402, 403, 802. Defendants object to the extent the audio of this video is hearsay and unfairly prejudicial.<br><br>Defendants do not object to the presentation of this video without audio, through a proper witness, at an appropriate time, and for a relevant purpose. |
| 6 | Bystander Cell Phone Video of Arrest and Assault | Plaintiff's Dep. Ex. 9 | F.R.E. 402, 403, 802. Defendants object to the extent the audio of this video is hearsay, including plaintiff's own statements, and unfairly prejudicial.<br><br>Defendants do not object to the presentation of this video without audio, through a proper witness, at an appropriate time, and for a relevant purpose. |

| Exhibit Number | Exhibit Description | Source | Defendants' Objections |
|---|---|---|---|
| 7 | Bystander Cell Phone Video of Arrest and Assault | Plaintiff's Dep. Ex. 10 | F.R.E. 402, 403, 802. Defendants object to the extent the audio of this video is hearsay and unfairly prejudicial.<br><br>Defendants do not object to the presentation of this video without audio, through a proper witness, at an appropriate time, and for a relevant purpose. |
| 8 | C-Summons Worksheet, Summons No. 4441958146, Brigid Pierce | Plaintiff's Dep. Ex. 11 | F.R.E. 402, 403, 802. Defendants have no objection to the extent this exhibit is introduced through a proper witness, at an appropriate time, and for a relevant purpose. |
| 9 | Brigid Pierce Criminal Court Appearance Ticket | Plaintiff's Dep. Ex. 18 | F.R.E. 402, 403, 802. Defendants have no objection to the extent this exhibit is introduced through a proper witness, at an appropriate time, and, for a relevant purpose. |
| 10 | Photograph of Brigid Pierce Before Arrest, June 3, 2020 | Plaintiff's Dep. Ex. 56 | F.R.E. 402, 403, 802, 901. Defendants have no objection to the extent this exhibit is introduced through a proper witness, at an appropriate time, for a relevant purpose, and is properly authenticated. |
| 11 | Photographs of Brigid Pierce Head Injury | Plaintiff's Dep. Ex. 61 | F.R.E. 402, 403, 802, 901. Defendants have no objection to the extent this exhibit is introduced through a proper witness, at an appropriate time, for a relevant purpose, and is properly authenticated. |

| Exhibit Number | Exhibit Description | Source | Defendants' Objections |
|---|---|---|---|
| 12 | Officer Body-Worn Camera Footage of Brigid Pierce on Ground | Plaintiff's Dep. Ex. 62 | F.R.E. 402, 403, 802. Portions of this exhibit are, *inter alia*, not relevant, unfairly prejudicial and inadmissible hearsay.<br><br>Defendants will address the admissibility of this exhibit in their motions *in limine*. |
| 13 | Dr. Robert April List of Prior Testimony | Plaintiff's Dep. Ex. 76 | F.R.E. 402, 403, 802. Defendants object as this exhibit is not relevant to any claim or defense at issue in this case. Defendants also object to this exhibit on the grounds that it is cumulative and it contains information that may be confusing or misleading to a jury; and on the grounds that it is inadmissible hearsay. |
| 14 | Dr. Robert April 2023 Invoice for Services | Plaintiff's Dep. Ex. 78 | F.R.E. 402, 403, 802. Defendants object as this exhibit is not relevant to any claim or defense at issue in this case. Defendants also object to this exhibit on the grounds that it is cumulative and it contains information that may be confusing or misleading to a jury; and on the grounds that it is inadmissible hearsay. |

| Exhibit Number | Exhibit Description | Source | Defendants' Objections |
|---|---|---|---|
| 15 | Dr. Siddhartha Nadkarni Expert Report | Plaintiff's Dep. Ex. 79, PL000826-33 | F.R.E. 402, 403, 802. Defendants object to this exhibit on the grounds that it is an expert report which constitutes impermissible hearsay. Defendants also object to this exhibit on the grounds that it is cumulative and it contains information that may be confusing or misleading to a jury. |
| 16 | Brigid Pierce EEG Image Findings | Images embedded in Plaintiff's Dep. Ex. 79, PL000834-38 | F.R.E. 402, 403, 802, 901. Defendants object to this exhibit on the grounds that it is part of an expert report which constitutes impermissible hearsay. Defendants also object to this exhibit on the grounds that it is cumulative and it contains information that may be confusing or misleading to a jury.<br><br>Defendants also object to this exhibit to the extent that it was not properly disclosed pursuant to Fed. R. Civ. P. 26(a) and Fed. R. Civ. P. 37 because these records were never disclosed during discovery despite defendants' requests.<br><br>Defendants will address the admissibility of this exhibit in their motions *in limine*. |

14

| Exhibit Number | Exhibit Description | Source | Defendants' Objections |
|---|---|---|---|
| 17 | Brigid Pierce PET/MRI Images | Plaintiff's Dep. Ex. 79, PL000842 | F.R.E. 402, 403, 802, 901. Defendants object to this exhibit on the grounds that it is part of an expert report which constitutes impermissible hearsay. Defendants also object to this exhibit on the grounds that it is cumulative and it contains information that may be confusing or misleading to a jury.<br><br>Defendants also object to this exhibit to the extent that it was not properly disclosed pursuant to Fed. R. Civ. P. 26(a) and Fed. R. Civ. P. 37 because these records were never disclosed during discovery despite defendants' requests.<br><br>Defendants will address the admissibility of this exhibit in their motions *in limine*. |
| 18 | Dr. Siddhartha Nadkarni Curriculum Vitae | Plaintiff's Dep. Ex. 79, PL000843-51 | F.R.E. 402, 403, 802. Defendants object as this exhibit is not relevant to any claim or defense at issue in this case. Defendants also object to this exhibit on the grounds that it is cumulative and it contains irrelevant information, and information that may be confusing or misleading to a jury; and on the grounds that it is inadmissible hearsay. |

| Exhibit Number | Exhibit Description | Source | Defendants' Objections |
|---|---|---|---|
| 19 | Brigid Pierce Brain Images | Plaintiff's Dep. Ex. 80 | F.R.E. 402, 403, 802, 901. Defendants object to this exhibit on the grounds that it is part of an expert report which constitutes impermissible hearsay. Defendants also object to this exhibit on the grounds that it is cumulative and it contains information that may be confusing or misleading to a jury.<br><br>Defendants also object to this exhibit to the extent that it was not properly disclosed pursuant to Fed. R. Civ. P. 26(a) and Fed. R. Civ. P. 37 because these records were never disclosed during discovery despite defendants' requests.<br><br>Defendants will address the admissibility of this exhibit in their motions *in limine*. |

| Exhibit Number | Exhibit Description | Source | Defendants' Objections |
|---|---|---|---|
| 20 | Brigid Pierce Neuropsychology Evaluation, Dr. Christina Morrison | Plaintiff's Dep. Ex. 81 | F.R.E. 402, 403, 802, 901. Portions of this exhibit are, *inter alia*, not relevant, unfairly prejudicial and inadmissible hearsay.<br><br>Additionally, defendants object to hearsay within hearsay within these records.<br><br>Defendants also object to this exhibit to the extent that it was not properly disclosed pursuant to Fed. R. Civ. P. 26(a) and Fed. R. Civ. P. 37 because these records were never disclosed during discovery despite defendants' requests.<br><br>Defendants will address the admissibility of this exhibit in their motions *in limine*. |

| Exhibit Number | Exhibit Description | Source | Defendants' Objections |
|---|---|---|---|
| 21 | Brigid Pierce PET MRI FDG Brain and Brain MRI | Plaintiff's Dep. Ex. 82 | F.R.E. 402, 403, 802, 901. Defendants object to this exhibit on the grounds that it is part of an expert report which constitutes impermissible hearsay. Defendants also object to this exhibit on the grounds that it is cumulative and it contains information that may be confusing or misleading to a jury.<br><br>Defendants also object to this exhibit to the extent that it was not properly disclosed pursuant to Fed. R. Civ. P. 26(a) and Fed. R. Civ. P. 37 because these records were never disclosed during discovery despite defendants' requests.<br><br>Defendants will address the admissibility of this exhibit in their motions *in limine*. |

| Exhibit Number | Exhibit Description | Source | Defendants' Objections |
|---|---|---|---|
| 22 | Brigid Pierce EEG Video Monitoring – Details | Plaintiff's Dep. Ex. 83 | F.R.E. 402, 403, 802, 901. Defendants object to this exhibit on the grounds that it is part of an expert report which constitutes impermissible hearsay. Defendants also object to this exhibit on the grounds that it is cumulative and it contains information that may be confusing or misleading to a jury.<br><br>Defendants also object to this exhibit to the extent that it was not properly disclosed pursuant to Fed. R. Civ. P. 26(a) and Fed. R. Civ. P. 37 because these records were never disclosed during discovery despite defendants' requests.<br><br>Defendants will address the admissibility of this exhibit in their motions *in limine*. |
| 23 | Dr. Jessica Pearson Expert Report | Plaintiff's Dep. Ex. 84, PL000900-918 | F.R.E. 402, 403, 802. Defendants object to this exhibit on the grounds that it is an expert report which constitutes impermissible hearsay. Defendants also object to this exhibit on the grounds that it is cumulative and it contains information that may be confusing or misleading to a jury. |

| Exhibit Number | Exhibit Description | Source | Defendants' Objections |
|---|---|---|---|
| 24 | Dr. Jessica Pearson Curriculum Vitae | Plaintiff's Dep. Ex. 84, PL000919-924 | F.R.E. 402, 403, 802. Defendants object as this exhibit is not relevant to any claim or defense at issue in this case. Defendants also object to this exhibit on the grounds that it is cumulative and it contains irrelevant information, and information that may be confusing or misleading to a jury; and on the grounds that it is inadmissible hearsay. |
| 25 | Dr. Richard Storm Expert Report | Plaintiff's Dep. Ex. 85, PL000926-31 | F.R.E. 402, 403, 802. Defendants object to this exhibit on the grounds that it is an expert report which constitutes impermissible hearsay. Defendants also object to this exhibit on the grounds that it is cumulative and it contains information that may be confusing or misleading to a jury. |
| 26 | Dr. Richard Storm Curriculum Vitae | Plaintiff's Dep. Ex. 85, PL000932-35 | F.R.E. 402, 403, 802. Defendants object as this exhibit is not relevant to any claim or defense at issue in this case. Defendants also object to this exhibit on the grounds that it is cumulative and it contains irrelevant information, and information that may be confusing or misleading to a jury; and on the grounds that it is inadmissible hearsay. |

| Exhibit Number | Exhibit Description | Source | Defendants' Objections |
|---|---|---|---|
| 27 | Kristin Kuscma Expert Report | Plaintiff's Dep. Ex. 86, PL000936-57 | F.R.E. 402, 403, 802. Defendants object to this exhibit on the grounds that it is an expert report which constitutes impermissible hearsay. Defendants also object to this exhibit on the grounds that it is cumulative and it contains information that may be confusing or misleading to a jury. |
| 28 | Kristin Kuscma Curriculum Vitae | Plaintiff's Dep. Ex. 86, PL000958-70 | F.R.E. 402, 403, 802. Defendants object as this exhibit is not relevant to any claim or defense at issue in this case. Defendants also object to this exhibit on the grounds that it is cumulative and it contains irrelevant information, and information that may be confusing or misleading to a jury; and on the grounds that it is inadmissible hearsay. |
| 29 | Edmond Provder Expert Report | Plaintiff's Dep. Ex. 87, PL001058-1118 | F.R.E. 402, 403, 802. Defendants object to this exhibit on the grounds that it is an expert report which constitutes impermissible hearsay. Defendants also object to this exhibit on the grounds that it is cumulative and it contains information that may be confusing or misleading to a jury. |

21

| Exhibit Number | Exhibit Description | Source | Defendants' Objections |
|---|---|---|---|
| 30 | Edmond Provder Curriculum Vitae | Plaintiff's Dep. Ex. 87, PL001119 | F.R.E. 402, 403, 802. Defendants object as this exhibit is not relevant to any claim or defense at issue in this case. Defendants also object to this exhibit on the grounds that it is cumulative and it contains irrelevant information, and information that may be confusing or misleading to a jury; and on the grounds that it is inadmissible hearsay. |
| 31 | Dr. Siddhartha Nadkarni Life Care Plan Recommendation | Plaintiff's Dep. Ex. 87, PL001120-23 | F.R.E. 402, 403, 802. Defendants object to this exhibit on the grounds that it is an expert report which constitutes impermissible hearsay. Defendants also object to this exhibit on the grounds that it is cumulative and it contains information that may be confusing or misleading to a jury. |
| 32 | Hippocampal Head Atrophy after Traumatic Brain Injury | Plaintiff's Dep. Ex. 88 | F.R.E. 402, 403, 802. Defendants object as this exhibit is not relevant to any claim or defense at issue in this case and it is inadmissible hearsay. Defendants also object to this exhibit on the grounds that it contains irrelevant information, and information that may be confusing or misleading to a jury.<br><br>Defendants also object to this exhibit to the extent that it was not properly disclosed pursuant to Fed. R. Civ. P. 26(a). |

| Exhibit Number | Exhibit Description | Source | Defendants' Objections |
|---|---|---|---|
| 33 | Persistent Memory Dysfunction Associated with Bilateral Hippocampal Damage | Plaintiff's Dep. Ex. 89 | F.R.E. 402, 403, 802. Defendants object as this exhibit is not relevant to any claim or defense at issue in this case and it is inadmissible hearsay. Defendants also object to this exhibit on the grounds that it contains irrelevant information, and information that may be confusing or misleading to a jury.<br><br>Defendants also object to this exhibit to the extent that it was not properly disclosed pursuant to Fed. R. Civ. P. 26(a). |
| 34 | Shrinking Brain: Cerebral Atrophy Following Traumatic Brain Injury | Plaintiff's Dep. Ex. 90 | F.R.E. 402, 403, 802. Defendants object as this exhibit is not relevant to any claim or defense at issue in this case and it is inadmissible hearsay. Defendants also object to this exhibit on the grounds that it contains irrelevant information, and information that may be confusing or misleading to a jury.<br><br>Defendants also object to this exhibit to the extent that it was not properly disclosed pursuant to Fed. R. Civ. P. 26(a). |
| 35 | Regionally Selective Atrophy After Traumatic Axonal Injury | Plaintiff's Dep. Ex. 91 | F.R.E. 402, 403, 802. Defendants object as this exhibit is not relevant to any claim or defense at issue in this case and it is inadmissible hearsay. Defendants also object to this exhibit on the grounds that it contains |

| Exhibit Number | Exhibit Description | Source | Defendants' Objections |
|---|---|---|---|
| | | | irrelevant information, and information that may be confusing or misleading to a jury.<br><br>Defendants also object to this exhibit to the extent that it was not properly disclosed pursuant to Fed. R. Civ. P. 26(a). |
| 36 | Dr. Josefina Tranfa-Abboud Compensation Statement | Plaintiff's Dep. Ex. 93 | F.R.E. 402, 403, 802. Defendants object as this exhibit is not relevant to any claim or defense at issue in this case. Defendants also object to this exhibit on the grounds that it is cumulative and it contains information that may be confusing or misleading to a jury; and on the grounds that it is inadmissible hearsay. |
| 37 | Dr. Josefina Tranfa-Abboud Invoices | Plaintiff's Dep. Ex. 94 | F.R.E. 402, 403, 802. Defendants object as this exhibit is not relevant to any claim or defense at issue in this case. Defendants also object to this exhibit on the grounds that it is cumulative and it contains information that may be confusing or misleading to a jury; and on the grounds that it is inadmissible hearsay. |
| 38 | Brigid Pierce New Music USA Performance Improvement Plan | Plaintiff's Dep. Ex. 97 | F.R.E. 402, 403, 802, 901. Defendants have no objection to the extent this exhibit is introduced through a proper witness, at an appropriate time, for a relevant purpose, and is properly authenticated. |
| 39 | Brigid Pierce Resume | Plaintiff's Dep. Ex. 98 | F.R.E. 402, 403, 802. Defendants object as this |

| Exhibit Number | Exhibit Description | Source | Defendants' Objections |
|---|---|---|---|
| | | | exhibit is not relevant to any claim or defense at issue in this case and it is inadmissible hearsay. Defendants also object to this exhibit on the grounds that it is cumulative, and it contains information that may be confusing or misleading to a jury. |
| 40 | Brigid Pierce 2019 W-2 | Plaintiff's Dep. Ex. 99 | F.R.E. 402, 403, 802, 901. Defendants have no objection to the extent such evidence is introduced through a proper witness, at an appropriate time, for a relevant purpose, and properly authenticated. |
| 41 | U.S. Bureau of Labor Statistics: Market Research Analyst and Marketing Specialists Wage Statistics | Plaintiff's Dep. Ex. 100 | F.R.E. 402, 403, 802. Defendants object as this exhibit is not relevant to any claim or defense at issue in this case, and it is inadmissible hearsay. Defendants also object to this exhibit on the grounds that it contains information that may be confusing or misleading to a jury.

Defendants also object to this exhibit to the extent that it was not properly disclosed pursuant to Fed. R. Civ. P. 26(a). |
| 42 | Brigid Pierce 2018 W-2 | Plaintiff's Dep. Ex. 102 | F.R.E. 402, 403, 802, 901. Defendants have no objection to the extent such evidence is introduced through a proper witness, at an appropriate time, for a relevant purpose, and properly authenticated. |

| Exhibit Number | Exhibit Description | Source | Defendants' Objections |
|---|---|---|---|
| 43 | Dismissal of Summons No. 4441958146, Brigid Pierce | PL000009 | F.R.E. 402, 403, 802. Defendants have no objection to the extent such evidence is introduced at an appropriate time, and for a relevant purpose. |
| 44 | Photograph of Brigid Pierce at Protest Before Arrest | PL000011 | Defendants object to this exhibit on the grounds that it is duplicative of Exhibit 10. See Objections to Exhibit 10. |
| 45 | Photograph of Brigid Pierce Being Arrested | PL000018 | F.R.E. 402, 403, 802, 901. Defendants have no objection to the extent this exhibit is introduced through a proper witness, at an appropriate time, for a relevant purpose, and is properly authenticated. |
| 46 | Photographs of Brigid Pierce Head Injury at Scene | PL000020-26 | F.R.E. 402, 403, 802, 901. Defendants have no objection to the extent this exhibit is introduced through a proper witness, at an appropriate time, for a relevant purpose, and is properly authenticated. |
| 47 | Photographs of Brigid Pierce Injuries at Hospital | PL000027-36 | F.R.E. 402, 403, 802, 901. Defendants have no objection to the extent this exhibit is introduced through a proper witness, at an appropriate time, for a relevant purpose, and is properly authenticated. |
| 48 | Photograph of Brigid Pierce Leaving Hospital | PL000037 | F.R.E. 402, 403, 802, 901. Defendants have no objection to the extent this exhibit is introduced through a proper witness, at an appropriate time, for a relevant purpose, and is properly authenticated. |

| Exhibit Number | Exhibit Description | Source | Defendants' Objections |
|---|---|---|---|
| 49 | Photographs of Brigid Pierce Injuries | PL000038-45 | F.R.E. 402, 403, 802, 901. Defendants have no objection to the extent this exhibit is introduced through a proper witness, at an appropriate time, for a relevant purpose, and is properly authenticated. |
| 50 | Brooklyn Hospital Instructions Regarding Traumatic Brain Injury | PL000046-50 | F.R.E. 402, 403, 802, 901. Portions of this exhibit are, *inter alia*, not relevant, unfairly prejudicial and inadmissible hearsay. |
| 51 | NYU Langone Ophthalmology records | PL000058-97 | F.R.E. 402, 403, 802. Portions of this exhibit are, *inter alia*, not relevant, unfairly prejudicial and inadmissible hearsay.<br><br>Additionally, defendants object to hearsay within hearsay within these records. |
| 52 | Brigid Pierce Cell Phone Video of Arrest and Assault | PL000104 | Defendants object to this exhibit as duplicative of Exhibit 4. <u>See</u> Objections to Exhibit 4. |
| 53 | Cell Phone Video of Protest, June 3, 2020 | PL000108 | F.R.E. 402, 403, 802, 901. Defendants object as this exhibit is not relevant to any claim or defense at issue in this case. |
| 54 | Cell Phone Video of Brigid Pierce on Police Bus, June 3, 2020 | PL000114 | F.R.E. 402, 403, 802. Defendants object to the extent the audio of this video is hearsay, including plaintiff's own statements, and unfairly prejudicial.<br><br>Defendants do not object to the presentation of this video |

| Exhibit Number | Exhibit Description | Source | Defendants' Objections |
|---|---|---|---|
| | | | without audio, through a proper witness, at an appropriate time, and for a relevant purpose. |
| 55 | Brigid Pierce Cell Phone Video of Head Injury | PL000118 | F.R.E. 402, 403, 802, 901. Defendants have no objection to the extent this exhibit is introduced through a proper witness, at an appropriate time, for a relevant purpose, and is properly authenticated. |
| 56 | Brigid Pierce 2016 Form 1040 | PL000187-88 | F.R.E. 402, 403, 802, 901. Defendants have no objection to the extent such evidence is introduced through a proper witness, at an appropriate time, for a relevant purpose, and is properly authenticated. |
| 57 | Brigid Pierce 2017 Form 1040 | PL000202-03 | F.R.E. 402, 403, 802, 901. Defendants have no objection to the extent such evidence is introduced through a proper witness, at an appropriate time, for a relevant purpose, and properly authenticated. |
| 58 | June 2020 Medical Records from Dr. Zangeetha Perinpanathan | PL000216-20 | F.R.E. 402, 403, 802, 901. Portions of this exhibit are, *inter alia*, not relevant, unfairly prejudicial and inadmissible hearsay. |
| 59 | Brigid Pierce 2020 W-2 | PL000226 | F.R.E. 402, 403, 802, 901. Defendants have no objection to the extent such evidence is introduced through a proper witness, at an appropriate time, for a relevant purpose, and properly authenticated. |
| 60 | 2020 and 2021 Medical Records from Dr. Jeffrey Davis | PL000263-74 | F.R.E. 402, 403, 802, 901. |

| Exhibit Number | Exhibit Description | Source | Defendants' Objections |
|---|---|---|---|
| | | | Portions of this exhibit are, *inter alia*, not relevant, unfairly prejudicial and inadmissible hearsay. |
| 61 | New Music USA Separation agreement | PL000531-34 | F.R.E. 402, 403, 802, 901. Defendants have no objection to the extent this exhibit is introduced through a proper witness, at an appropriate time, for a relevant purpose, and is properly authenticated. |
| 62 | New Music USA Outreach Director Letter | PL000652-54 | F.R.E. 402, 403, 802, 901. Defendants have no objection to the extent this exhibit is introduced through a proper witness, at an appropriate time, for a relevant purpose, and is properly authenticated. |
| 63 | New Music USA Separation Agreement | PL000668-71 | F.R.E. 402, 403, 802, 901. Defendants have no objection to the extent this exhibit is introduced through a proper witness, at an appropriate time, for a relevant purpose, and is properly authenticated. |
| 64 | Brigid Pierce 2021 W-2 | PL000675-76 | F.R.E. 402, 403, 802, 901. Defendants have no objection to the extent such evidence is introduced through a proper witness, at an appropriate time, for a relevant purpose, and is properly authenticated. |
| 65 | February 2022 Medical Record from Docteur Alice Laplante | PL000727 | F.R.E. 402, 403, 802, 901, 902. Portions of this exhibit are, *inter alia*, not relevant, unfairly prejudicial and inadmissible hearsay. It is also in French, a foreign language, and thus, presumably, not accessible to a |

| Exhibit Number | Exhibit Description | Source | Defendants' Objections |
|---|---|---|---|
| | | | jury in a trial to be conducted in English.<br><br>Additionally, defendants object to hearsay within hearsay within these records. |
| 66 | Brigid Pierce 2024 Paystubs | PL001176-87 | F.R.E. 402, 403, 802, 901, 902. Portions of this exhibit are, *inter alia*, not relevant, unfairly prejudicial and inadmissible hearsay. It is also in French, a foreign language, and thus, presumably, not accessible to a jury in a trial to be conducted in English.<br><br>Defendants also object to this exhibit to the extent that it was not properly disclosed pursuant to Fed. R. Civ. P. 26(e), and, thus, experts could not rely on these records to accurately calculate damages. |
| 67 | Brigid Pierce 2025 Paystubs | PL001180-90 | F.R.E. 402, 403, 802, 901, 902. Portions of this exhibit are, *inter alia*, not relevant, unfairly prejudicial and inadmissible hearsay. It is also in French, a foreign language, and thus, presumably, not accessible to a jury in a trial to be conducted in English.<br><br>Defendants also object to this exhibit to the extent that it was not properly disclosed pursuant to Fed. R. Civ. P. 26(e) and, thus, experts could not rely on these records to accurately calculate damages. |

Defendants' Exhibits[11]

| Exhibit Number | Exhibit Description | Source | Plaintiff's Objections |
|---|---|---|---|
| A | June 3, 2020 Body-Worn Camera Footage of Officer Joseph Ryder | DEF 185 | |
| B | June 3, 2020 Body-Worn Camera Footage of Officer Gustavo Jaramillo | DEF 188 | |
| C | June 3, 2020 Body-Worn Camera Footage of Officer Gustavo Jaramillo | DEF 186 | |
| D | June 3, 2020 Text Messages | PL000376 | This exhibit is inadmissible under FRE 401 and 403 because its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time, as this relates to a curfew on a different date from June 3, 2020. |
| E | June 4, 2020 Text Messages | PL000350 | Plaintiff objects to this Exhibit under the rule of completeness. If Defendants wish to introduce exhibit, they should introduce PL000350-59. |
| F | June 6, 2020 Text Messages | PL000480 – PL000482 | |
| G | New Music USA Employment Records | DEF 289 – 311 | Plaintiff objects to the admission of DEF000295-97, her passport and I-9 forms, under FRE 401 and 403 as containing sensitive private and personal information that |

---

[11] Defendants reserve the right to amend this exhibit list. Defendants reserve the right to offer and/or use at trial any exhibit listed by Plaintiff. The listing of an exhibit is not an admission that an exhibit is admissible if offered by Plaintiff, or that it is relevant and admissible for all parts of the trial or for all phases or purposes at trial. Defendants reserve the right to not use listed exhibits or to supplement this exhibit list in the future. This exhibit list is contingent in part on the Court's rulings before and after trial and the development of the evidence at trial. Defendants reserve the right to offer certain exhibits in redacted form.

| Exhibit Number | Exhibit Description | Source | Plaintiff's Objections |
|---|---|---|---|
| | | | is irrelevant to this action. Plaintiff also objects to the admission of other sensitive personal information, such as her Social Security Number and bank account information, contained in other sections of these documents.[12] |
| H | Unemployment Insurance Benefit Payment History | PL000221 – PL000225 | |
| I | W-2 and Earnings Summary – 2018 and 2019 | PL000226 – PL000230 | |
| J | New York State Department of Health Claim Detail Report | PL000535 – PL000548 | |
| K | New York State Department of Labor Unemployment Insurance Records | PL000606 – PL000651 | |
| L | June 4, 2020 Brooklyn Hospital Center Medical Records | PL000046-PL000054. | |
| M | NYU Langone Eye Center Medical Records | PL000059, PL000078, and PL000082 | Plaintiff objects to this Exhibit under the rule of completeness. If Defendants wish to introduce exhibit, they should introduce PL00058-97.[13] |
| N | Metropolitan Vision Correction Medical Records | PL000549 – PL000561 | |
| | | | |

## 10. Motions in Limine

Plaintiff's Motions

---

[12] Defendants have no objection to appropriate redactions to personal identifying information. Defendants will meet and confer with plaintiff's counsel before trial to accomplish same.

[13] Plaintiff's reliance on the rule of completeness under F.R.E. 106 is inaccurate and misplaced.  In any event, plaintiff's objection is moot because plaintiff's Exhibit 51 includes the complete medical record.  Notwithstanding this, the parties have each designated various portions of medical records and, if necessary, defendants will meet and confer with plaintiff to discuss offering consolidated records for the Court and the jury's convenience.  Plaintiff maintains her objection to this exhibit under the rule of completeness.

i.     Preclude expert opinion testimony from Dr. Robert April that was not disclosed in his expert report and on matters outside his expertise.

ii.    Preclude expert opinion testimony from Dr. Josefina Tranfa-Abboud on matters outside her expertise, including opinions about Ms. Pierce's credibility and the impact of Defendants' assault on her cognitive functioning.

iii.   Preclude testimony about the conduct of non-party protesters at times and locations other than the time and location of Ms. Pierce's arrest.

iv.    Preclude testimony about officers giving orders to disperse to protesters where there is no evidence as to the time and location of such alleged orders and no evidence that Ms. Pierce was present for those alleged orders.

v.     Preclude testimony of Non-Party NYPD Captain Tarik Sheppard because he did not interact with Brigid Pierce on June 3, 2020, and has no relevant knowledge concerning this case.

<u>Defendants' Motions</u>[14]

i.     The City of New York's status as a Defendant should not be relayed to the jury.

ii.    Plaintiff should not be permitted to refer to attorneys for Defendants as "City Attorneys."

iii.   Plaintiff should be precluded from offering evidence of indemnification.

iv.    Plaintiff should be precluded from requesting a specific dollar amount.

v.     Plaintiff should be precluded from referencing disciplinary histories, prior allegations of misconduct, and/or lawsuits against the individual defendants or non-party members of NYPD.

vi.    Plaintiff should be precluded from referencing unrelated claims of misconduct, including matters subject to media coverage.

vii.   Plaintiff should be precluded from the use of inflammatory colloquialisms.

viii.  Plaintiff and plaintiff's lay witnesses should be precluded from testifying as to medical diagnoses and causation of injuries.

---

[14] Defendants reserve the right to amend this proposed list of motions *in limine* until 14 days before the commencement of trial when "motions addressing any evidentiary or other issues which should be resolved *in limine*" are to be filed. <u>See</u> Hon. Pamela K. Chen's Individual Rules 4.B., "Filings Prior to Trial."

    ix.    Plaintiff should be precluded from referring to and offering any evidence of NYPD procedure or patrol guide provisions.

    x.    Plaintiffs' liability and damages claims should be bifurcated.

    xi.    Plaintiff should be precluded from admitting evidence that is not admissible or was not properly disclosed pursuant to Fed. R. Civ. P. 26(a) and Fed. R. Civ. P. 37.

    xii.    Plaintiff should be precluded from offering testimony of non-party fact witnesses Cara Warner, Susie Armitage, and Jessica Pellier-Cuit as to the causation of any alleged injuries.

    xiii.    Plaintiff should be precluded from offering testimony of putative experts Dr. Siddhartha Nadkarni, Dr. Jessica Pearson, Dr. Richard Storm, Edmond A. Provder, and Kristin A. Kucsma because their testimony is unreliable and irrelevant, and for failure to properly disclose pursuant to Fed. R. Civ. P. 26(a)(2).

    xiv.    The jury should not be separately instructed on plaintiff's assault and battery claims and these claims should not be on the verdict sheet.

Dated: April 28, 2025
        New York, New York

EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP

_____/s_____
Ilann M. Maazel
Max Selver
One Rockefeller Plaza, 8th Floor
New York, NY 10020
(212) 763-5000

*Attorneys for Plaintiff*

MURIEL GOODE-TRUFANT
Corporation Counsel of the
    City of New York
*Attorney for Defendants*
100 Church Street, 3rd Floor
New York, New York 10007

_____/s_____
Bailey Forcier
*Assistant Corporation Counsel*

34

**SO ORDERED:**

_____

The Honorable Pamela K. Chen
U.S. District Judge