UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIGID PIERCE,<br><br>                          Plaintiff,<br><br>  -against-<br><br>NEW YORK CITY POLICE DEPARTMENT OFFICER JOSEPH RYDER, shield number 21617, in his individual capacity; NEW YORK CITY POLICE DEPARTMENT OFFICER DANIELLE MOSES, tax identification number 966234, in her individual capacity; NEW YORK CITY POLICE DEPARTMENT OFFICER MICHAEL SAID, shield number 11735, in his individual capacity; NEW YORK CITY POLICE DEPARTMENT OFFICER STEVEN KAMALIC, tax identification number 960740, in his individual capacity; THE CITY OF NEW YORK,<br><br>                          Defendants. | 21 Civ. 3482 (PKC) |

**PLAINTIFF'S PROPOSED REQUESTS TO CHARGE ON**
**<u>MALICIOUS PROSECUTION CLAIMS</u>**

      Plaintiff Brigid Pierce writes in accordance with the Court's December 8, 2025 Order to provide revised proposed jury instructions on her federal and state law malicious prosecution claims.

Dated:  December 9, 2025
          New York, New York

                                          EMERY CELLI BRINCKERHOFF
                                          ABADY WARD & MAAZEL LLP

                                By:        /s
                                            Ilann M. Maazel
                                            Max Selver
                                            One Rockefeller Plaza, 8th Floor
                                            New York, NY 10020
                                            (212) 763-5000

## PROPOSED JURY INSTRUCTION NO. 10

Section 1983 Malicious Prosecution Claim – Deprivation of a Federal Right

Plaintiff next alleges that Officer Moses maliciously prosecuted her under federal law when Officer Moses filed a criminal charge against her for a curfew violation.

A federal malicious prosecution claim under Section 1983 has five elements.

The first element is that Officer Moses must initiate a prosecution against Ms. Pierce. I instruct you that Officer Moses's issuance of a summons to Ms. Pierce initiated a prosecution against her, and this element is satisfied.[1]

The second element of a federal malicious prosecution claim is that Officer Moses must initiate the prosecution without probable cause. Probable cause on a malicious prosecution claim means knowledge of facts and circumstances sufficient to lead a reasonably prudent person to believe that Ms. Pierce is guilty of a crime.[2] In this case, Officer Moses must have knowledge of facts and circumstances sufficient to lead a reasonably prudent person to believe that Ms. Pierce received a dispersal order before she was arrested. Officer Moses need not have personal, firsthand knowledge that Ms. Pierce received a dispersal order, and she may rely on what other officers told her about Ms. Pierce's conduct. However, either Officer Moses or someone else in the NYPD who reported information to Officer Moses must have knowledge of facts and circumstances sufficient to conclude that Ms. Pierce received a dispersal order before her arrest.[3] If Plaintiff establishes that no one in the NYPD had personal knowledge of facts and

---

[1] *Rosario v. Amalgamated Ladies' Garment Cutters' Union, Local 10, I.L.G.W.U.*, 605 F.2d 1228, 1250 (2d Cir. 1979); *Beckford v. City of New York*, No. 16 Civ. 7486, 2019 WL 1437612, at *2 (S.D.N.Y. April 1, 2019).
[2] *Boyd v. City of New York*, 336 F.3d 72, 78 (2d Cir. 2003).
[3] *Diop v. City of New York*, 50 F. Supp. 3d 411, 421 n.7 (S.D.N.Y. 2014).

2

circumstances sufficient to conclude that Ms. Pierce received a dispersal order, then you will find that the prosecution was initiated without probable cause and the second element is satisfied.

The third element of a federal malicious prosecution claim is malice. A prosecution is initiated maliciously if it is brought for a purpose other than bringing an offender to justice or out of personal ill will. If you find that Officer Moses did not have probable cause to believe that Ms. Pierce was guilty at the time she initiated the prosecution, you may, although you are not required to, infer from that fact alone that Officer Moses acted maliciously.[4] If you find that Officer Moses either brought the prosecution out of ill will or gave a false or intentionally incomplete or misleading statement of the facts, your finding will be that Officer Moses acted maliciously and the third element is satisfied.[5]

The fourth element of a federal malicious prosecution claim is that the prosecution terminated in Ms. Pierce's favor. I instruct you that the dismissal of the summons against Ms. Pierce on September 9, 2020, terminated the prosecution in Ms. Pierce's favor, and this element is satisfied.

The fifth element of a federal malicious prosecution is a liberty deprivation. I instruct you that the obligation to appear in court is a liberty deprivation, and this element is satisfied.[6]

If you find that these five elements are satisfied, then you must find Officer Moses liable for malicious prosecution under Section 1983.

If you find that one or more of these five elements is not satisfied, then you must find that Officer Moses is not liable for malicious prosecution under Section 1983.

---

[4] *Id.* at 78.
[5] *Id.* at 76.
[6] *Baker of City of New York*, 551 F. Supp. 3d 258, 271 (S.D.N.Y. 2021); *Wagner v. Hyra*, 518 F. Supp. 3d 613, 638 (N.D.N.Y. 2021).

3

**PROPOSED JURY INSTRUCTION NO. 11**

State Law – Malicious Prosecution Claim

Plaintiff next alleges that Officer Moses maliciously prosecuted her under New York state law when Officer Moses filed a criminal charge against her for a curfew violation.

I instruct you that the first four elements of Ms. Pierce's federal malicious prosecution claim are the same four elements for Ms. Pierce's state law malicious prosecution claim. Unlike the federal malicious prosecution claim, a state law malicious prosecution claim does not require Ms. Pierce to establish the fifth element, a deprivation of liberty.[7]

I further instruct you that Officer Moses was acting at all times within the scope of her employment as an employee of the City of New York. Therefore, if you find that Officer Moses maliciously prosecuted Ms. Pierce, the City of New York will be legally responsible for the malicious prosecution as well.

If you find that the first four elements of Ms. Pierce's federal malicious prosecution claim are satisfied, then you must find that Officer Moses and the City of New York are liable for malicious prosecution under New York State law.

If you find that one or more of those first four elements is not satisfied, then you must find that Officer Moses and the City of New York are not liable for malicious prosecution under New York State law.

---

[7] *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 417 (2d Cir. 1999); *Williams v. City of New York*, No. 17 Civ. 4391, 2018 WL 4189515, at *5 (S.D.N.Y. Aug. 31, 2018).