

| MURIEL GOODE-TRUFANT<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | JONATHAN HUTCHINSON<br>*Senior Counsel*<br>Tel: (212) 356-2410<br>jhutchin@law.nyc.gov |
|---|---|---|

December 9, 2025

**By ECF**
Honorable Pamela K. Chen
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>Brigid Pierce v. Joseph Ryder, et al.</u>
             21-CV-3482 (PKC) (JRC)

Your Honor:

      I am a Senior Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York and one of the attorneys representing defendants City of New York, Joseph Ryder, Danielle Moses, and Michael Said (collectively "defendants") in the above-referenced matter. We write in accordance with Your Honor's Order of December 8, 2025 to provide proposed instructions for the malicious prosecution claims. Given that the elements of the state law and federal claims are nearly identical, defendants believe that a single charge is sufficient, with a note where the claims differ.

## MALICIOUS PROSECUTION

      Plaintiff has also brought a claim for malicious prosecution against Officer Moses. To establish a claim for malicious prosecution, a plaintiff must prove the following elements by a preponderance of the evidence: (1) that the defendant initiated the criminal proceeding against plaintiff, (2) that the criminal proceeding was terminated in plaintiff's favor, (3) that there was no probable cause for the commencement of the criminal proceeding, and (4) that the defendant acted with actual malice in commencing the criminal proceedings against the plaintiff. For her Federal claim, plaintiff must also prove that she suffered a post-arraignment deprivation of liberty.[1] There is no dispute that the criminal proceeding was terminated in plaintiff's favor. The burden of proof is on the plaintiff to prove by a preponderance of evidence each of these elements.

---

[1] This instruction has been taken from the Jury Instructions given by the Hon. Paul G. Gardephe in <u>Manuel Fana v. City of New York, et al.</u>, 15 CV 8114 (PGG) (S.D.N.Y. – delivered on June 8, 2018).

(1) **Initiation of the Prosecution**

A defendant may be said to have initiated a criminal prosecution if the defendant (1) directed or required a prosecutor to prosecute, (2) gave the prosecutor, directly or indirectly, such as through the filing of a criminal complaint or summons, information which the defendant knew to be false, or (3) withheld information that a reasonable person would realize might affect the prosecutor's determination whether to prosecute. A defendant cannot be said to have commenced a criminal proceeding simply because she fairly and truthfully disclosed to the prosecutor all matters within her knowledge that a reasonable person would believe would be important to the question of plaintiff's guilt or innocence. If, however, you find that the defendant gave the prosecutor information that the defendant knew to be false, the defendant is responsible for initiating the prosecution.

To summarize, in order to prevail on her malicious prosecution claims, the plaintiff must prove by a preponderance of the evidence that the defendant commenced or initiated criminal proceedings against her.[2]

(2) **Probable Cause**[3]

The third element that the plaintiff must prove by a preponderance of the evidence is that Officer Moses was aware there was no probable cause to believe that the plaintiff was guilty of violating the curfew. I have given you instructions above regarding the elements of the curfew violation.

The plaintiff must prove that the defendant acted without probable cause in commencing the criminal proceeding against her. Whether probable cause existed depends upon whether a reasonably prudent person would have believed the plaintiff to be guilty of the crime with which she was charged on the summons – violating the curfew order – on the basis of the facts the defendant officer knew when she initiated the prosecution, or that she reasonably believed to be true. A police officer can make a lawful arrest even without personal knowledge sufficient to constitute probable cause, so long as the officer is acting upon the direction of or as a result of communication with a fellow officer. Such information from another officer is presumptively reliable. Unless the arresting officer's reliance on the transmitted information is unreasonable under the circumstances, information received from another officer is sufficient to establish probable cause, regardless of the Plaintiff's actual guilt or innocence.[4] The fact that the criminal charges were ultimately dismissed is not evidence that the officer lacked probable cause at the time the prosecution was initiated.

(3) **Malice**[5]

The fourth element plaintiff must prove by a preponderance of the evidence is that

---

[2] Taken from the Jury Instructions in Fana 15 CV 8114 (PGG).
[3] This instruction has been taken from the Jury Instructions given by the Hon. Allyne R. Ross in Reginald Johnson v. Robert Mayer, et al., 13 CV 7173 (ARR) (E.D.N.Y. – delivered on June 22, 2016).
[4] Williams v. City of New York, 2012 U.S. Dist. LEXIS 21729, *17 (S.D.N.Y. Feb. 17, 2012).
[5] Taken from the Jury Instructions in Fana 15 CV 8114 (PGG).

the defendant acted with actual malice in commencing the criminal proceedings against her. A prosecution is initiated maliciously if it is initiated for a purpose other than bringing an offender to justice, for some ulterior purposes other than to secure punishment for a crime, or in reckless disregard of the rights of the person accused. Malice may be inferred from a lack of probable cause, but only where probable cause was so totally lacking that no reasonable officer could have thought it existed.

### (4) **Deprivation of Liberty**[6]

For plaintiff's Federal claim, plaintiff must also prove that she suffered a deprivation of liberty after she was released from Central Booking. This is not an element of her state law claim. A plaintiff can satisfy this element by showing that she actually appeared in court in connection with criminal proceedings initiated by the defendant.[7]

Defendants thank the Court for its consideration herein.

Respectfully submitted,

/s/ Jonathan Hutchinson
Jonathan Hutchinson
*Senior Counsel*
Special Federal Litigation Division

cc: All Counsel of Record (via ECF)

---

[6] Taken from the Jury Instructions in Fana, 15 CV 8114 (PGG).
[7] Swartz v. Insogna, 704 F.3d 105 (2d. Cir. 2013) (confirming that the issuance of a pre-arraignment, non-felony summons requiring a later court appearance, without further restrictions, does not constitute a Fourth Amendment seizure).