UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
BRIGID PIERCE,

                    Plaintiff,

        - against -

NEW YORK CITY POLICE DEPARTMENT
OFFICER JOSEPH RYDER, *et al.*,

                  Defendants.
--------------------------------------------------------x

**DRAFT JURY INSTRUCTIONS**
21-CV-3482 (PKC) (JRC)

PAMELA K. CHEN, United States District Judge:

Members of the jury, now that you have heard all of the evidence in the case as well as the arguments of the lawyers, it is my duty to give you instructions as to the law applicable in this case. We are all grateful to you for the close attention you have given to this case thus far. I ask that you continue to do so as I give you these instructions.

A written copy or copies, should you request more than one, of these instructions, along with a verdict sheet, will be provided to you for your jury deliberations, so you don't need to memorize these instructions or write them down in full, but you are of course free to take notes on them as I read them to you. You will also receive all of the exhibits that have been introduced during the trial to review and access during your deliberations. A laptop computer will be provided for your deliberations to use with respect to video and audio exhibits.

As you know, Plaintiff claims that she is entitled to relief because she has alleged that, on the evening of June 3, 2020, Defendants illegally assaulted and detained her, causing her a series of injuries. The Defendants deny these allegations.

My instructions will be in four parts:

First, I will instruct you regarding the general rules that define and govern the duties of a jury in a civil case such as this;

Second, I will instruct you as to the particular claims in this case and the specific elements that the Plaintiff must prove with respect to each claim by a preponderance of evidence;

Third, I will instruct you as to damages.

Fourth, I will give you some general rules regarding your deliberations.

## I.    GENERAL INSTRUCTIONS: ROLE OF THE COURT AND JURY

Let me start by restating our respective roles as judge and jury.

Your duty, as I mentioned in my opening instructions, is to find the facts from all of the evidence in this case. You are the sole judges of the facts, and it is for you and you alone to determine what weight to give the evidence, to resolve such conflicts as may have appeared in the evidence, and to draw such inferences as you deem to be reasonable and warranted from the evidence.

My role is to instruct you on the law. You must apply the law, in accordance with my instructions, to the facts as you find them. I remind you of your sworn obligation to follow the law as I describe it to you, whether you agree with it or not. You should not be concerned about the wisdom of any rule of law that I state. Regardless of any opinion you may have about what the law may be—or should be—it would be a violation of your oaths as jurors to base your verdict upon any other view of the law than the one given to you in these instructions.

If any of the lawyers have stated a legal principle that differs from any that I state to you in my instructions, you must be guided solely by what I instruct you about the law. You should not single out any one instruction as alone stating the law, but should consider my instructions as a whole.

Because it is your role—not mine—to find the facts, I have neither expressed nor attempted to intimate an opinion about how you should decide the facts of this case. You should not consider anything I have said or done in the course of the trial, including these instructions, as expressing any opinion about the facts or the merits of this case. For example, on occasion, I may have asked questions of a witness. You should attach no special significance to these questions simply because they were asked by me.

### A. THE DEFINITION OF EVIDENCE

You must determine the facts in this case based solely on the evidence presented, or those inferences which can reasonably be drawn from the evidence presented. Evidence has been presented to you in the form of sworn testimony from the witnesses and documentary exhibits that have been received in evidence by me.

Certain things are not evidence and are to be entirely disregarded by you in deciding what the facts are: arguments, questions, statements, or summations by the lawyers; objections to the questions or to the offered exhibits; and any testimony that has been excluded, stricken, or that you have been instructed to disregard.

Anything you may have seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded.

### B. DIRECT AND CIRCUMSTANCIAL EVIDENCE

As I mentioned in my opening instructions, there are, generally speaking, two types of evidence: direct and circumstantial. You may use both types of evidence in reaching your verdict in this case. There is no distinction between the weight to be given to these two types of evidence. You must base your verdict on a reasonable assessment of all of the evidence in the case.

Direct evidence is testimony from a witness about something he or she knows by virtue of his or her own senses—something he or she has seen, felt, touched, tasted, or heard.

The other type of evidence—circumstantial evidence—is proof of a chain of circumstances that point to the existence or nonexistence of certain facts.  A simple example of circumstantial evidence is as follows: Suppose you came to court on a day when the weather was clear, sunny, and dry.  However, after several hours in the courtroom, where there are no windows, you observe a person come in wearing a wet raincoat and another person shaking a wet umbrella.  Without you ever looking outside, you would not have direct evidence that it rained, but you might infer from these circumstances that while you were sitting in court, it rained outdoors.

That is all there is to circumstantial evidence.  On the basis of reason, experience, and common sense, you infer the existence or nonexistence of a fact from one or more established facts.

You are permitted to draw, from the facts that you find to have been proved, such reasonable inferences as would be justified in light of your experience.  Inferences are deductions or conclusions that reason and common sense lead you, the jury, to draw from the facts that have been established by the evidence in the case.  Use your common sense in drawing inferences. However, you are not permitted to engage in mere guesswork or speculation.

There are times when differing inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  Perhaps the Plaintiff asks you to draw one, and the Defendants ask you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

No significance should be attached to the fact that a document, other exhibit, or witness testimony was introduced by one party rather than by the other.  Any party is entitled to the benefit of any evidence tending to establish their contentions, even though such evidence may have come from witnesses or documents introduced by another party.

### C.    WITNESS CREDIBILITY

In deciding what the facts are in this case, you must consider all of the evidence that has been offered.  In doing this, you must decide which testimony to believe and which testimony not to believe.  You are the sole judges of credibility of the witnesses and the weight their testimony deserves.  Your determination of the issue of credibility very largely must depend upon the impression that a witness made upon you as to whether or not that witness was telling the truth or giving you an accurate version of what occurred.  You may choose to disbelieve all or part of any witness's testimony.  In making that decision, you may take into account any number of factors, including the following:

- the witness's opportunity to see, hear, and know about the events he or she described;

- the witness's ability to recall and describe those things;

- the witness's manner in testifying—was the witness candid and forthright or did the witness seem as if he or she was hiding something, being evasive, or suspect in some way;

- how the witness's testimony on direct examination compared with how the witness testified on cross-examination;

- the reasonableness of the witness's testimony in light of all of the other evidence in the case;

- whether the witness had any possible bias, any relationship to a party, any motive to testify falsely, or any possible interest in the outcome of the trial; and

- whether a witness's testimony was contradicted by his or her other testimony, by what that witness said or did on a prior occasion, by the testimony of other witnesses, or by other evidence.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. In weighing the effects of a discrepancy, you should consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from an innocent error or intentional falsehood.

If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe. In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense. It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

Keep in mind that a simple mistake does not mean a witness is not telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or an unimportant detail.

If you find that any statement made by a witness on the stand is false, in whole or in part, you may disregard the particular part you find to be false or you may disregard his or her entire testimony as not worthy of belief.

### D.    LAW ENFORCEMENT WITNESS TESTIMONY

You have heard the testimony of people who work or have worked in law enforcement. The testimony of a person who works or has worked in law enforcement should be considered by you just as any other evidence in this case, and in evaluating his or her credibility you should use the same guidelines which you apply to the testimony of any witness. You should not give either more or less weight to the testimony of a witness merely because he or she works or has worked in law enforcement. You should recall his or her demeanor on the stand, his or her manner of testifying, and the substance of his or her testimony, and weigh and balance it just as carefully as you would the testimony of any other witness.

### E.    PATROL GUIDE INSTRUCTIONS

There was evidence admitted in this case regarding the New York City Police Department Patrol Guide. The Patrol Guide is only a guideline. This evidence was admitted to provide you, the jury, with background information about police conduct and the nature of internal operations of the NYPD. It does not define what reasonable conduct is, but you may consider it, to the extent you find it relevant, in determining whether an officer acted reasonably under the circumstances presented to him or her. The issue before you is whether Plaintiff's constitutional rights were violated, and not whether any Defendant violated anything in the Patrol Guide.

### F.    UNCALLED WITNESSES EQUALLY AVAILABLE TO BOTH SIDES

There are certain persons whose names you have heard during the course of the trial but who did not appear here to testify, and one or more of the attorneys has referred to their absence from the trial. I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

### G.    EXPERT WITNESS TESTIMONY

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

### H.    NO SYMPATHY, FEAR, PREJUDICE, OR BIAS

It is your responsibility to decide the facts with complete fairness and impartiality and without any bias or prejudice or sympathy for any party. You must perform your duty as jurors with complete fairness and impartiality. You must carefully and impartially consider the evidence, follow the law as I give it to you, and reach a just verdict regardless of the consequences. The crucial question that you must ask yourselves as you sift through the evidence is: Has Plaintiff proven her claims by a preponderance of the evidence?

You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or biases, including unconscious biases. Unconscious or "implicit" biases are stereotypes, attitudes, or preferences that people may consciously reject but which may be expressed without conscious awareness,

control, or intention.  You must do your best to put aside any such stereotypes, assumptions, and prejudices.

For all of us, our first responses are often like reflexes.  Just like knee reflexes, mental responses are quick and automatic.  Even though these quick responses may not be what we consciously think, they could influence how we judge people or even how we remember or evaluate the evidence.  Some ways to be more careful in your thinking include the following:

1. Take the time you need to test what might be reflexive unconscious responses and to reflect carefully and consciously about the evidence.

2. Focus on individual facts; don't jump to conclusions that may have been influenced by unintended stereotypes or associations.

3. Try taking another perspective: ask yourself if your opinion of the parties or witnesses or of the case would be different if the people participating looked different or if they belonged to a different group.

It would be improper for you to consider in reaching your verdict any personal feelings you may have about the any party's or witness's race, religion, national origin, sex, gender identity, sexual orientation, or age.  It would be equally improper for you to allow any feelings you might have about the nature of the allegations to interfere with your decision-making process.  To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

## I.     REDACTIONS

Some of the documents entered into evidence in this case have been redacted, meaning, parts were deleted.  The redactions were required for legal reasons which are not relevant to your determination of the issues in this case.  I instruct you that you should not speculate about the material that was redacted or the reasons for the redaction.

## J.        BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

In a civil action such as this, Plaintiff has the burden of proving each of the essential elements of her claims by a preponderance of the evidence. Therefore, if Plaintiff fails to establish any essential element of its claim by a preponderance of the evidence, then you must render a verdict in favor of the Defendants.

To establish a claim by "a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, produces in your minds the belief, that what is sought to be proved is, more likely than not, true.

A preponderance of the evidence means the greater weight of the evidence. That does not mean the greater number of witnesses or the greater length of the time taken by either side. This determination is based on the quality and persuasiveness of the evidence—the weight and effect it has on your minds. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them. If you find that the credible evidence on a given issue is in balance or evenly divided between the parties, that it is equally probable that one side is right as it is that the other side is right, or that the evidence produced by the party having the burden of proof is outweighed by evidence against his or her claim, then you must decide that issue against the party having the burden of proof, or Plaintiff in this case. That is because the party bearing the burden, in this case Plaintiff, must prove more than simply equality of evidence—it must prove the element at issue by a preponderance of the evidence. On the other hand, the party bearing the burden need prove no more than a preponderance of the evidence. So long as you find that the scales tip, however

slightly, in favor of Plaintiff—that what she claims is more likely true than not true—then the element will have been proved by a preponderance of the evidence.

As I said at the outset of this trial, some of you may have heard of proof beyond a reasonable doubt, which is the proper standard in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

### K.    IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS

You have heard evidence that at some earlier time a witness has said or done something which counsel has argued is inconsistent with the witness's testimony at trial. Prior inconsistent statements *made under oath* can be admitted as affirmative evidence, that is, for their truth, as opposed to unsworn statements that are only admissible for impeachment. Evidence of a prior inconsistent statement *not made under oath* is not to be considered by you as affirmative evidence in determining liability. Evidence of a prior unsworn inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself or herself. If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense. It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

## II.    SUBSTANTIVE LAW

I will now turn to the second part of this charge and instruct you as to the legal elements of each of Plaintiff's claims on which you will be asked to render a verdict.  You should remember that Plaintiff bears the burden to establish each and every element of her claims by a preponderance of the evidence.

### A.    OVERVIEW OF PLAINTIFF'S CLAIMS AGAINST DEFENDANTS

Plaintiff asserts the following nine claims in this case:

First, a federal claim of excessive force against Officer Ryder;

Second, a New York State claim of assault and battery against Officer Ryder, unidentified "John Doe" New York City Police Department ("NYPD") officers, and the City of New York;

Third, Plaintiff asserts a federal claim of failure to intervene claim against Officer Ryder;

Fourth, Plaintiff asserts a federal claim of false arrest against Officer Ryder;

Fifth, Plaintiff asserts a New York State claim of false arrest against Officer Ryder and the City of New York;

Sixth, Plaintiff asserts a federal claim that Officer Ryder retaliated against her for engaging in speech protected by the First Amendment;

Seventh, a federal claim of malicious prosecution against Officer Moses;

Eighth, a New York State claim for malicious prosecution against Officer Moses and the City of New York; and

Ninth, a New York State claim of negligence against Officers Ryder, Moses, and Said, and the City of New York.

### B.    SECTION 1983 CLAIMS GENERALLY

Five of Plaintiff's claims—the First, Third, Fourth, Sixth, and Seventh Claims—allege that she was injured as the result of the deprivation, under color of state law, of rights secured to her

by the United States Constitution.  These claims are brought pursuant to a federal statute, Section 1983 of Title 42 of the United States Code, commonly known as "Section 1983."  Section 1983 provides a federal remedy for persons who have been deprived by state officials, or any persons acting under color of state law, of the rights, privileges, and immunities secured by the United States Constitution and federal statutes.

To establish a Section 1983 claim, Plaintiff must establish, by a preponderance of the evidence, the following three elements:

1.  First Element: "Under Color of Law"

First, Plaintiff must establish that Defendants acted under color of state law.  I instruct you that Defendants Ryder, Moses, and the unidentified John Doe NYPD Officers acted at all times in their official capacity as NYPD officers employed by the City of New York.  They therefore acted under color of state law.  You do not need to consider this element; it has been met.

2.  Second Element: Deprivation of a Constitutional Right

Second, Plaintiff must establish that the Defendant you are considering deprived Plaintiff of rights secured by the Constitution.

In order for Plaintiff to establish this element, she must prove three things by a preponderance of the evidence: (1) that the Defendant you are considering committed the acts alleged by Plaintiff; (2) that those acts caused Plaintiff to suffer the loss of a right protected by the United States Constitution; and (3) that in performing the acts alleged, the Defendant you are considering acted intentionally or recklessly.  You must consider the evidence against each Defendant individually.  Each Defendant is entitled to fair, separate, and individual consideration without regard to your decision as to the other Defendants.

In a moment I will instruct you on what a deprivation of a constitutional right means for each of Plaintiff's Section 1983 claims.

3.      Third Element: Proximate Cause

Third, Plaintiff must establish that the acts of the Defendant you are considering were the proximate cause of any injuries sustained by Plaintiff.

Proximate cause has the same definition for all of Plaintiff's Section 1983 claims. Proximate cause means that there must be a sufficient causal connection between the act or omission of a Defendant and any injury or damage sustained by Plaintiff. An act is a proximate cause of an injury if it is a substantial factor in bringing about the injury, and if the injury was a reasonably foreseeable consequence of that Defendant's act. An injury may be a physical injury, emotional injury, economic injury, or a loss of liberty. A proximate cause need not always be the nearest cause either in time or space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

Thus, proximate cause is only satisfied if you find that the act(s) of the Defendant you are considering was a substantial factor in bringing about or actually causing Plaintiff injuries, that is, if the injury was a reasonably foreseeable consequence of any of that Defendant's acts.

The Plaintiff has the burden of proving each of these essential elements of her Section 1983 claims by a preponderance of the evidence.

**C.    SECTION 1983 CLAIMS' SECOND ELEMENT: DEPRIVATION OF CONSTITUTIONAL RIGHT**

I will now instruct you on what the second element—deprivation of a constitutional right— means for each of Plaintiff's claims under Section 1983: the First, Third, Fourth, Sixth, and Seventh claims. Because Plaintiff alleges violations of a different constitutional right for each of these claims, I will instruct you separately about each of constitutional right.

1.    Plaintiff's First Claim: Section 1983 Excessive Force Claim – Deprivation of a Federal Right

Plaintiff claims that Defendant Officer Ryder violated her Fourth Amendment rights by using excessive force against her.

The Constitution guarantees every individual the right to be free from unreasonable or excessive force from a law enforcement officer.  A police officer may use reasonable force in making an arrest, but the law prohibits the use of unreasonable force, even if the arrest itself is otherwise in accordance with the law.  In other words, a law enforcement official has the right to use such force as is necessary given the circumstances but may *only* employ the amount of force reasonably necessary under those circumstances to make the arrest.

Plaintiff claims that Officer Ryder used excessive force when he arrested her on June 3, 2020.  To determine whether Officer Ryder used excessive force, you must determine whether the amount of force he used to effect the arrest was that which a reasonable officer would have employed in effecting the arrest under similar circumstances.  In making this determination, you may take into account such factors as the severity of the alleged crime at issue, whether Plaintiff posed an immediate threat to the safety of Officer Ryder or others, and whether Plaintiff actively resisted arrest or attempted to evade arrest by flight.

The reasonableness inquiry is an objective one.  The question is whether the Officer Ryder's actions were objectively reasonable in light of the facts and circumstances confronting him, without regard to his underlying motivation.

If you find by a preponderance of the evidence that Officer Ryder used unreasonable force when effectuating his arrest of Plaintiff, you must find that Officer Ryder is liable for excessive force.  On the other hand, if you find that the force Officer Ryder used when effectuating his arrest of Plaintiff was reasonable, you must find that Officer Ryder is not liable for excessive force.

15

2.     Plaintiff's Third Claim: Section 1983 Failure to Intervene Claim –
       Deprivation of a Federal Right

Plaintiff claims that Officer Ryder is liable for excessive force used by unidentified "John Doe" officers because he failed to intervene to stop it.

To find Officer Ryder liable for failure to intervene, you must find that (a) one or more unidentified "John Doe" officers used excessive force; (b) a reasonable person in Officer Ryder's position and circumstances would have known that one or more unidentified "John Doe" officers was or were using excessive force; and (c) Officer Ryder had a reasonable opportunity to intervene to stop the excessive force but failed to do so.  I previously instructed you on how to determine whether an officer's use of force was excessive.  You should apply that instruction here in determining whether a reasonable person would have known that one or more of the John Doe officers was or were using excessive force.

If you find each of the above to have been proven by a preponderance of the evidence, you must find that Officer Ryder is liable for failure to intervene.  On the other hand, if you find that one or more of the above has not been proven by a preponderance of the evidence, you must find that Officer Ryder is not liable for excessive force.

3.     Plaintiff's Fourth Claim: Section 1983 False Arrest Claim – Deprivation
       of a Federal Right

Plaintiff claims that Officer Ryder falsely arrested her in violation of her Fourth Amendment rights on June 3, 2020.

Because it is undisputed that Plaintiff was arrested and detained, only one element of the false arrest claim is in dispute: whether Officer Ryder had probable cause to arrest Ms. Pierce.

Federal law provides that no person may be arrested without probable cause.  Let me explain what "probable cause" means.  Probable cause exists when, based on the totality of circumstances, a police officer has knowledge of, or reasonably trustworthy information as to,

facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested. That is, probable cause requires knowledge of, or reasonably trustworthy information as to, facts and circumstances sufficient to warrant a reasonable belief that the person being arrested committed or is committing a crime.

Although, with respect to her other claims, Plaintiff bears the burden of proving each of the elements of those claims, this is the one exception. With respect to Plaintiff's false arrest claim, Defendants have the burden of proving the existence of probable cause. Whether probable cause to arrest Plaintiff on June 3, 2020 existed depends upon the reasonable conclusions to be drawn from the facts known to Officer Ryder at the time of Plaintiff's arrest. Information that was not known to Officer Ryder at the time he arrested Plaintiff cannot be considered in determining whether there was probable cause.

Probable cause does not require an actual showing of criminal activity. In other words, an arrest may be lawfully made with probable cause even if the arrestee did not commit or attempt to commit the crime. The existence of probable cause is not measured by the strict standards required for a criminal conviction. An officer need not have been convinced beyond a reasonable doubt at the time of an arrest that a criminal offense was being or had been committed.

Moreover, it is not necessary that the officer had probable cause to arrest Plaintiff for the offense(s) with which the Plaintiff was eventually charged, so long as the officer had probable cause to arrest Plaintiff for any criminal offense. An arrest made with probable cause for any offense—whether charged or not—is lawful.

Defendant Ryder asserts that probable cause existed to arrest Plaintiff on June 3, 2020. Officer Ryder asserts there was probable cause to believe that Plaintiff (a) had violated or was

violating Emergency Executive Order 119, (b) had obstructed or was obstructing governmental administration, and (c) had engaged in or was engaging in disorderly conduct—any of which would have permitted Officer Ryder to arrest Plaintiff.  Plaintiff denies that there was probable cause for arrest under any of these theories.  I will now instruct you on each of those crimes.

### a.  Emergency Executive Order 119

To determine whether there was probable cause to arrest Plaintiff on the charge of violating Emergency Executive Order 119, you need only decide whether Officer Ryder had probable cause to believe that, prior to her arrest, Plaintiff had received, and had knowingly disobeyed or was knowingly disobeying, an order to disperse.  Plaintiff concedes all other elements of this charge.

### b.  Obstructing Governmental Administration

To determine whether there was probable cause to arrest Plaintiff on the charge of obstructing governmental administration, you must consider the elements of that crime.  A person is guilty of obstructing governmental administration when the person: (i) intentionally obstructs, impairs, or perverts the administration of law or other governmental function, or prevents or attempts to prevent a public servant from performing an official function; (ii) by means of physical force or interference, or by means of any independently unlawful act.  The "interference" with a government function cannot consist solely of verbal statements, and must be, at least in part, the performance of a physical act.

### c.  Disorderly Conduct

To determine whether there was probable cause to arrest Plaintiff on the charge of disorderly conduct, you must consider the elements of that crime.  A person is guilty of disorderly conduct when: (i) with the intent to cause public inconvenience, annoyance, or alarm, or recklessly creating a risk thereof, (ii) the person congregates with other persons in a public place and refuses to comply with a lawful order of the police to disperse.

*    *    *

18

If you find that Officer Ryder had probable cause to believe that, prior to her arrest, Plaintiff had committed or was committing any of the three crimes I just described, regardless of whether that crime was actually charged or not, then you must find in favor of Defendant Ryder with respect to Plaintiff's false arrest claim.  <u>You do not need to be unanimous as to which crime you find probable cause, only that you are unanimous that probable cause existed for any crime.</u>

    4.    <u>Plaintiff's Sixth Claim: Section 1983 First Amendment Retaliation – Deprivation of a Federal Right</u>

Plaintiff alleges that Defendant Ryder arrested her and used force against her in retaliation for her speech.

The First Amendment to the United States Constitution protects every person's right to free speech.  A police officer may not retaliate against somebody for engaging in speech activity that is protected by the First Amendment.

To prevail on her claim for First Amendment retaliation, Plaintiff must show that: (a) Plaintiff had engaged in, or was engaging in, protected speech; (b) Officer Ryder took adverse action against her; and (c) there was a causal connection between the protected speech and the adverse action. I will now instruct you on each of these three elements.

    a.    <u>First Element: Protected Speech</u>

I instruct you that verbal statements directed at police officers are protected acts of speech under the First Amendment.  I also instruct you that filming police officers in the performance of their duties, by itself, is protected speech under the First Amendment.

    b.    <u>Second Element: Adverse Action</u>

I instruct you that using force against, or arresting, someone is an adverse action.

    c.    <u>Third Element: Causal Connection</u>

A causal connection exists between the protected speech and an adverse action if the protected speech was a motivating factor in the officer's decision to take adverse action. A motivating factor is one that played a substantial or important part in the decision.

Plaintiff alleges that Officer Ryder used force against her and arrested her in retaliation for her exercise of free speech on June 3, 2020.

### (i) <u>Retaliatory Use of Force</u>

If you find by a preponderance of the evidence that there is a causal connection between Officer Ryder's use of force and Ms. Pierce's protected speech, you must find that Officer Ryder is liable for First Amendment retaliation for his use of force. Conversely, if you find by a preponderance of the evidence that there is no causal connection between Officer Ryder's use of force and Ms. Pierce's protected speech, you must find that Officer Ryder is not liable for First Amendment retaliation for his use of force.

### (ii) <u>Retaliatory Arrest</u>

Whether Plaintiff's arrest on June 3, 2020 was retaliatory will depend, in part, on whether you find that Officer Ryder had probable cause to arrest Plaintiff that day.

(a)    No Probable Cause

If you find that Officer Ryder did not have probable cause to arrest Plaintiff, and if you find a causal connection between Officer Ryder's arrest of Plaintiff and Plaintiff's protected speech, you must find that Officer Ryder is liable for First Amendment retaliation.  If you find by a preponderance of the evidence that there is no causal connection between Officer Ryder's arrest of Plaintiff and her protected speech, you must find that Officer Ryder is not liable for First Amendment retaliation.

(b)    Probable Cause

If you find that Officer Ryder had probable cause to arrest Plaintiff, then to find Officer Ryder liable for First Amendment retaliation for his arrest of Plaintiff, you must find that Plaintiff has shown by a preponderance of the evidence (1) a causal connection between the arrest and Plaintiff's protected speech, and (2) that Officer Ryder did not arrest other people he had probable cause to arrest who did not engage in the same kind of protected speech activity as Plaintiff did before her arrest.

5.    Plaintiff's Seventh Claim: Section 1983 Malicious Prosecution Claim – Deprivation of a Federal Right

Plaintiff claims that Officer Moses maliciously prosecuted her by filing a criminal charge against her for violating Emergency Executive Order 119.

This claim has five elements.  Plaintiff must show that there was (1) commencement of a criminal proceeding, (2) favorable termination of the proceeding, (3) lack of probable cause, and (4) institution of the proceedings with actual malice; and (5) a post-arraignment deprivation of liberty.

The first element is that Officer Moses commenced a criminal proceeding against Plaintiff. I instruct you that Officer Moses's issuance of the Criminal Court Appearance Ticket to Ms. Pierce initiated a prosecution against her, and thus this element is satisfied.

The second element is that the criminal proceeding against Plaintiff was favorably terminated. I instruct you that this element is satisfied.

The third element is that Officer Moses lacked probable cause. You have already been instructed as to probable cause when I discussed Plaintiff's Fourth claim. Officer Moses did not need to have personal, firsthand knowledge that established probable cause for Plaintiff's arrest and prosecution; she was entitled to rely on what other officers told her about Ms. Pierce's conduct. However, either Officer Moses or someone else in the NYPD who reported information to Officer Moses about Ms. Pierce's conduct must have had knowledge of facts and circumstances sufficient to provide probable cause for Plaintiff's arrest. If Plaintiff establishes that no one in the NYPD had personal knowledge of facts and circumstances sufficient to establish probable cause that Ms. Pierce had committed a crime, then you must find that the prosecution was initiated without probable cause and the third element is satisfied.

The fourth element is that Officer Moses must have instituted the proceedings with "actual malice." If you find that Officer Moses initiated the prosecution out of ill will or knowingly and intentionally gave a false or incomplete or misleading statement of the facts to the District Attorney, you must find that Officer Moses acted maliciously. If you find, in connection with the third element that I just discussed, that Officer Moses (both personally and through officers with whom she communicated) did not have probable cause to believe that Ms. Pierce was guilty at the time she initiated the prosecution, you may, although you are not required to, infer from that fact alone that Officer Moses acted maliciously.

The fifth element is that Officer Moses must have deprived Plaintiff of her liberty after her arraignment.  I instruct you that this element is satisfied based on the issuance of the Criminal Court Appearance Ticket.

### D.    PLAINTIFF'S STATE LAW CLAIMS

I will now instruct you on Plaintiff's New York State law claims—her Second, Fifth, Eighth, and Ninth claims.

### 1.    Plaintiff's Second Claim: State Law – Assault and Battery Claim

Plaintiff alleges that Officer Ryder, the unidentified "John Doe" NYPD officers, and the City of New York committed assault and battery in violation of New York State law on June 3, 2020.

### a.    Claim Against Defendants Ryder and City of New York

I will first discuss the assault and battery claim against Defendants Ryder and the City of New York.  The elements of Plaintiff's Section 1983 federal claim for excessive force are identical to those of her claim of assault and battery under New York State law.  Therefore, if you find that Officer Ryder used excessive force against Plaintiff, then you must also find that Officer Ryder committed assault and battery against Plaintiff.  Conversely, if you find that Officer Ryder did not use excessive force against Plaintiff, then you must also find that Officer Ryder did not commit assault and battery against Plaintiff.

I further instruct you that when Officer Ryder interacted with Plaintiff, he was acting within the scope of his employment as an employee of the City of New York.  Therefore, if you find that Officer Ryder used excessive force on Plaintiff, and thus committed assault and battery, the City of New York will be legally responsible for the assault and battery as well.  If you find that Officer Ryder did not use excessive force, and thus did not commit assault and battery, against Plaintiff,

then you may not find the City of New York responsible for assault and battery based on Officer

Ryder's conduct.

> b. <u>Claim Against Defendant City of New York for Defendant "John Doe" Officers' Conduct</u>

I will next discuss the assault and battery claim against the City of New York based on

the alleged conduct of the unidentified John Doe NYPD officers.

I instruct you that when the Defendant John Doe Officers interacted with Plaintiff, they

were acting within the scope of their employment as employees of the City of New York, and

therefore, if you find by a preponderance of the evidence that one or more unidentified police

officers used excessive force against Plaintiff on June 3, 2020, you must find Defendant City of

New York liable for assault and battery. However, if you find by a preponderance of the evidence

that the force used by every Defendant "John Doe" Officer was reasonable and that they did not

use excessive force against Plaintiff, you may not find Defendant City of New York liable for

assault and battery based on those officers' conduct.

> 2. <u>Plaintiff's Fifth Claim: State Law – False Arrest/False Imprisonment Claims</u>

Plaintiff next claims that Defendant Ryder falsely arrested her in violation of her New York

State rights on June 3, 2020.

I instruct you that the elements of Plaintiff's Section 1983 federal claim for false arrest are

identical to those of her New York State laws claims for false arrest and false imprisonment.

Therefore, if you find Officer Ryder liable for Section 1983 false arrest, then you must also find

him liable for false arrest/false imprisonment under New York State law. Conversely, if you find

that Officer Ryder is not liable for Section 1983 false arrest, then you must also find him not liable

for false arrest/false imprisonment under New York State law.

I instruct you again that Officer Ryder was acting at all times within the scope of his employment as an employee of the City of New York.  Therefore, if you find that Officer Ryder arrested Ms. Pierce without probable cause, Defendant City of New York will be legally responsible for the false arrest as well.  However, if you find by a preponderance of the evidence that Officer Ryder had probable cause to arrest Plaintiff, you may not find Defendant City of New York liable for false arrest/false imprisonment under New York State law.

### 3. Plaintiff's Eighth Claim: State Law – Malicious Prosecution Claim

Plaintiff next alleges that Defendant Moses maliciously prosecuted her under New York State law when Defendant Moses filed a criminal charge against her for violating Emergency Executive Order 119.

I instruct you that if you find Officer Moses liable for Section 1983 malicious prosecution, then you must also find her liable for malicious prosecution under New York State law. Conversely, if you find that Officer Moses is not liable for Section 1983 malicious prosecution, then you must also find her not liable for malicious prosecution under New York State law.

I further instruct you that Officer Moses was acting at all times within the scope of her employment as an employee of the City of New York.  Therefore, if you find that Officer Moses maliciously prosecuted Ms. Pierce, Defendant City of New York will be legally responsible for the malicious prosecution as well. However, if you find that Officer Moses did not maliciously prosecute Plaintiff, you may not find Defendant City of New York liable for malicious prosecution under New York State law.

### 4. Plaintiff's Ninth Claim: State law – Negligent Denial of Medical Care

Plaintiff next alleges that Defendants Ryder, Moses, Said, and the City of New York negligently denied her medical care while she was in the custody of the NYPD following her arrest.

When the Government takes custody of a person, including by arresting them, it owes them a duty to provide medical care and treatment. The Government breaches that duty when it negligently denies medical care to a person in its custody.

Negligence is a lack of ordinary care. It is a failure to use that degree of care that a reasonably prudent person would have used under the same circumstances. Negligence may arise from doing an act that a reasonably prudent person would not have done under the same circumstances, or, on the other hand, from failing to do an act that a reasonably prudent person would have done under the same circumstances.

Negligence requires both a reasonably foreseeable danger of injury to another and conduct that is unreasonable in proportion to that danger. A person is only responsible for the result of his or her conduct if the risk of injury is reasonably foreseeable. The exact injury does not have to be foreseeable; but injury as a result of negligent conduct must be, not merely possible, but probable.

There is negligence if a reasonably prudent person could foresee injury as a result of his or her conduct, and acted unreasonably in light of what could be foreseen. On the other hand, there is no negligence if a reasonably prudent person could not have foreseen any injury as a result of his or her conduct, or acted reasonably in the light of what could have been foreseen.

The negligent denial of medical care must also proximately cause Plaintiff to sustain an injury. An act or omission is regarded as a cause of an injury if it was a substantial factor in bringing about the injury, that is, if it had such an effect in producing the injury that reasonable people would regard it as a cause of the injury.

I instruct you that Defendants Moses and Said were at all times acting within the scope of their employment as employees of Defendant City of New York. Therefore, if you find that

Defendants Ryder, Moses or Said negligently denied medical care to Plaintiff, Defendant City of New York will be legally responsible for the negligent denial of medical care as well.

If you find by a preponderance of the evidence that one or more of Defendants Ryder, Moses, or Said negligently denied Plaintiff medical care on June 3, 2020, and their negligence proximately caused Plaintiff to sustain any injury, then you must find that the Defendant(s) who denied Plaintiff medical care and Defendant City of New York are liable for negligent denial of medical care.

If you find by a preponderance of the evidence that none of Defendants Ryder, Moses, or Said negligently denied medical care to Plaintiff, or that their negligence did not proximately cause Plaintiff to sustain any injury, then you must find that Defendants Ryder, Moses, Said, and City of New York are not liable for negligent denial of medical care.

## III.    DAMAGES

### A.    Compensatory Damages

I am now going to instruct you on damages.  The purpose of the law of damages is to award just and fair compensation for the loss, if any, that resulted from Defendants' violation of Plaintiff's rights.

In instructing you on damages now, I am <u>not</u> expressing a view one way or the other as to whether Plaintiff was in fact subjected to excessive force, false arrest, First Amendment retaliation, malicious prosecution, or negligent denial of medical care.  That is for you to decide based on all the evidence and the law as I have explained it to you.  But if you find that any or all of the Defendants are liable on any of Plaintiff's claims, then you must award Plaintiff sufficient damages to compensate her for any injury you find was caused by the illegal conduct. These are known as "compensatory damages."

Compensatory damages seek to make Plaintiff whole—that is, to compensate her for the damages that she has suffered in the past and will suffer in the future.

You may award compensatory damages only for those injuries that you find that Plaintiff has proven by a preponderance of the evidence. Moreover, you may not simply award actual damages for <u>any</u> injury suffered by Plaintiff—you may only award actual damages for those injuries that are a direct result of actions by a Defendant whom you have found liable to Plaintiff, if you find that Defendant liable.

If you return a verdict for Plaintiff, then you must award her such sum of money as you believe will fairly and justly compensate her for any injury you believe she proved to have actually sustained as a direct consequence of the conduct of a Defendant. In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork. On the other hand, the law does not require that the Plaintiff prove the amount of her "damages/losses" with mathematical precision, but only with as much definiteness and accuracy as circumstances permit. Your award must be fair and just. It should neither be excessive nor inadequate, but should be reasonable.

        1.    <u>Compensatory Damages for Claims Based on Defendants' Use of Force</u>

Plaintiff seeks compensatory damages on her claims relating to Defendants' use of force. As a reminder, those claims are (1) excessive force against Defendant Ryder; (2) assault and battery against Defendants Ryder and City of New York; and (3) First Amendment retaliation against Defendant Ryder with respect to his use of force.

If you find Defendants liable on one or more of these claims, you will determine the amount of compensatory damages necessary to compensate Plaintiff for any injury caused by the allegedly unlawful use of force.    Plaintiff seeks three categories of compensatory damages caused by Defendants' use of force:

*Pain and suffering.* Plaintiff is entitled to recover a sum of money which will justly and fairly compensate her for any injury, disability, and conscious pain and suffering caused by the allegedly unlawful use of force that she (a) has experienced from the date of the unlawful conduct through today, and (b) is reasonably likely to suffer in the future as a result of the unlawful conduct. Conscious pain and suffering means pain and suffering of which there is some level of awareness by Plaintiff.  Pain and suffering include both physical pain and suffering and emotional pain and suffering, including emotional pain, fear, humiliation, and mental anguish.

*Loss of Earnings*: Plaintiff is entitled to be reimbursed for any earnings she lost as a result of her injuries caused by the allegedly unlawful conduct from the time of that conduct through today.  In addition, if you find that as a result of those injuries Plaintiff suffered a reduction in her capacity to earn money in the future, then she is also entitled to be reimbursed for loss of future earnings.

*Life Care Costs*: Plaintiff is entitled to recover a sum of money to compensate for the cost of future medical care and vocational support you find that she will need as a result of the allegedly unlawful conduct.

## 2.    Compensatory Damages for Plaintiff's Arrest

Plaintiff also seeks compensatory damages on her claims concerning her arrest on June 3, 2020.  As a reminder, those claims are (1) false arrest against Defendant Ryder and City of New York; and (2) First Amendment retaliation against Defendant Ryder concerning his arrest of

Plaintiff.  If you find Defendants liable on or more of these claims, you will determine the amount of compensatory damages to award Plaintiff on these claims.

Plaintiff is entitled to receive compensatory damages for pain and suffering caused by the allegedly unlawful arrest.  As I already discussed, pain and suffering includes both physical and emotional pain and suffering, including emotional pain, fear, humiliation, and mental anguish.

Plaintiff is also entitled to recover damages for loss of liberty caused by the allegedly unlawful arrest.  The damages that Plaintiff is entitled to for lost liberty are in addition to damages she is entitled to for any physical or emotional pain and suffering you might find that she suffered. If you find that Plaintiff's arrest was unlawful, then you may award her compensatory damages for the loss of liberty during the hours she spent in custody, in addition to any compensation you award her for other injuries.

### 3.    Compensatory Damages for Plaintiff's Prosecution

Plaintiff also seeks compensatory damages on her malicious prosecution claims against Defendants Moses and City of New York.  On these claims, Plaintiff is entitled to recover damages for pain and suffering you find she suffered as a result of the allegedly unlawful initiation of the prosecution against her.

### 4.    Compensatory Damages for Negligent Denial of Medical Care

Plaintiff seeks compensatory damages for Defendants' alleged negligent denial of medical care.  If you found Defendants liable for negligent denial of medical care, Plaintiff is entitled to recover a sum of money that will justly and fairly compensate for her for any pain and suffering caused by Defendants' negligence.  Pain and suffering have the same definition here as it does in connection with Plaintiff's claims based on Defendants' use of force.

With respect to all of these different kinds of compensatory damages, your verdict must not be based on speculation or sympathy. It must be based on the evidence presented at trial.

Although your damages verdict must be based on evidence, and not mere speculation, no evidence of the dollar value of physical or emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded in these categories. You are to determine an amount that will provide fair compensation for the injuries and losses you find have been suffered by Plaintiff.

Because a plaintiff may only be compensated once for any injury or loss you find that she suffered as a result of Defendants' conduct, if you find that she is entitled to compensatory damages on more than one of her claims, you will be asked on the verdict sheet to indicate how much, if any, of the compensatory damages you awarded on each claim is the same as, or overlaps with, the compensatory damages that you awarded on any other claim.

## B.   NOMINAL DAMAGES

Now let's turn to nominal damages.  If you return a verdict for Plaintiff on the claim of excessive force but then find that she failed to prove by a preponderance of the credible evidence that she suffered any actual damages, then you may return an award of damages in some nominal or token amount not to exceed the sum of one dollar.  This is called nominal damages.

Nominal damages are awarded when a plaintiff has been deprived by a defendant of a constitutional right, but has proven no compensatory damages as a natural consequence of that deprivation.  The mere fact that a constitutional deprivation occurred is an injury to the person entitled to be free from such action, even when no actual damages flow from the deprivation. Therefore, if you find that Plaintiff has not proven injuries as a result of any Defendant's conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar.

C.    **PUNITIVE DAMAGES**

If you find for Plaintiff against any Defendant officer for any of the claims, then in addition to compensatory damages, you may consider awarding Plaintiff punitive damages against that Defendant(s).  The purpose of punitive damages is to punish a defendant for shocking conduct and to set an example to deter others from the commission of similar offenses in the future.

Plaintiff has the burden of proving that punitive damages should be awarded.  You may award punitive damages against an individual Defendant officer only if you find that Plaintiff has clearly established that that Defendant's conduct (1) was motivated by evil motive or intent, or (2) involved reckless or callous indifference to the rights of others.  If you find that only one Defendant's conduct meets these standards, then you may award punitive damages only against that Defendant, not against the others.

Reckless or callous disregard means more than mere negligence; it means that the conduct was highly unreasonable and created risks to Plaintiff's rights so obvious that that Defendant must have been aware of those risks.

If you decide that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages.  Punitive damages, if any, should be in an amount sufficient to fulfill the purposes I have described to you—you should consider the degree to which a Defendant should be punished for their wrongful conduct toward Plaintiff, and the degree to which an award of one sum or another will deter that Defendant or others from committing similar wrongful acts in the future.  I also advise you that punitive damages may be award against the unidentified John Doe Defendant Officers if you find that such damages are appropriate.

If you do decide to award punitive damages, the amount of punitive damages should be reasonable and should be proportionate only to the need to punish and deter.

You may assess punitive damages against any or all Defendants or you may refuse to impose punitive damages. If punitive damages are assessed against more than one Defendant, the amounts assessed against each Defendant may be the same or they may be different.

### D.    ATTORNEYS FEES

Federal law provides for an award of attorneys' fees to plaintiffs when they prevail in a civil rights action. The award of attorneys' fees is a matter to be determined by the Court. Accordingly, if you award any damages to Plaintiff, including nominal damages, you should not take into consideration the fees that the Plaintiff might have to pay her attorneys.

### E.    REMINDER REGARDING DAMAGES

Again, let me repeat that the fact that I have instructed you as to the proper measure of damages should not be considered as intimating that I have any view as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are required to be given for your guidance in the event you find that Plaintiff has proved any liability by a preponderance of the evidence in this case according to the instructions I have given to you.

*        *        *

## IV.    CLOSING INSTRUCTIONS

I have now outlined for you the law applicable to this case, the process by which you weigh the evidence and determine the facts, and the legal elements which must be proved by a preponderance of the evidence. In a few minutes you will retire to the jury room for your deliberations. I will now give you some general rules regarding your deliberations. Keep in mind that nothing I have said in these instructions is intended to suggest to you in any way what I think your verdict should be. That is entirely for you to decide. By way of reminder, I charge you once again that it is your responsibility to judge the facts in this case from the evidence presented during

the trial and to apply the law as I have given it to you.  Remember also that your verdict must be based solely on the evidence in the case and the law as I have given it to you, not on anything else.

### A.    FOREPERSON

In order for your deliberations to proceed in an orderly fashion, you must have a foreperson. The custom in this courthouse is for Juror No. 1 to act as the foreperson.  However, if, when you begin deliberations, you decide that you want to elect another foreperson, you are entitled to do so.  The foreperson will be responsible for signing all communications to the court and for handing them to the Deputy Marshal during your deliberations, but her vote is entitled to no greater weight than that of any other juror.

### B.    COMMUNICATIONS WITH THE COURT

Your recollection governs.  Nobody else's.  If, in the course of your deliberations, your recollection of any part of the testimony should fail, or you should find yourself in doubt concerning my instructions to you on the law, you may request that a witness's or witnesses' testimony, or portions thereof, be sent back to you in the jury room.  If during your deliberations you want to see any of the exhibits that are not already available to you in the jury room, you may request that as well.  You may make all these requests by a note to the Deputy Marshal.  I suggest, however, that you be specific to avoid receiving testimony or exhibits that you do not want or need.  Describe as best and precisely as you can what you want to see and please be patient because it sometimes takes a while to find the testimony or exhibit in the record.

### C.    DELIBERATIONS AND UNANIMOUS VERDICT

Your duty is to reach a fair conclusion from the law as I have given it to you and the evidence that has been presented in this case.  This duty is an important one.  When you are in the jury room, listen to each other, and discuss the evidence and issues in the case amongst yourselves. It is the duty of each of you, as jurors, to consult with one another, and to deliberate with a view

toward reaching agreement on a verdict, if you can do so without violating your individual judgment and conscience.  While you should not surrender conscientious convictions of what the truth is and of the weight and effect of the evidence, and while each of you must decide the case for yourself and not merely acquiesce in the conclusion of your fellow jurors, you should examine the issues and the evidence before you with candor and frankness, and with proper deference to, and regard for, the opinions of your fellow jurors.

You should not hesitate to reconsider your opinions from time to time and to change them if you are convinced they are wrong.  However, do not surrender an honest conviction as to the weight and effect of the evidence simply to arrive at a verdict.

With only one exception, the decision you reach must be unanimous; you must all agree.  The one exception, as I instructed you, is that you need not be unanimous on what crime, if any, there was probable cause to arrest Plaintiff for on June 3, 2020.  But to find that probable cause to arrest Plaintiff existed, you _must_ be unanimous that, prior to Plaintiff's arrest on June 3, 2020, probable cause existed to arrest Plaintiff for at least one crime.

When you have reached a verdict, simply send me a note signed by your foreperson that you have reached a verdict.  Do not indicate what the verdict is.  In no communication with the Court should you give a numerical count of where the jury stands in its deliberations.

Remember in your deliberations that the dispute between the parties is, for them, no passing matter.  The parties and the Court rely upon you to give full and conscientious deliberation and consideration to the issues and evidence before you.  By so doing, you carry out to the fullest your oaths as jurors—to well and truly try the issues of this case and render a true verdict.

I will ask you to wait for a few moments while I discuss with counsel whether there is anything further about which you need to be charged.