# EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

JONATHAN S. ABADY
MATTHEW D. BRINCKERHOFF
ANDREW G. CELLI, JR.
RICHARD D. EMERY
DEBRA L. GREENBERGER
DIANE L. HOUK
DANIEL J. KORNSTEIN
JULIA P. KUAN
HAL R. LIEBERMAN
ILANN M. MAAZEL
KATHERINE ROSENFELD
ZOE SALZMAN
SAM SHAPIRO
EARL S. WARD
O. ANDREW F. WILSON

ATTORNEYS AT LAW
ONE ROCKEFELLER PLAZA
8TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

DANIEL M. EISENBERG
VASUDHA TALLA

CLAIRE Z. ABBADI
ERIC ABRAMS
NICK BOURLAND
HANNAH BRUDNEY
SARA LUZ ESTELA
BIANCA HERLITZ-FERGUSON
LAURA S. KOKOTAILO
SONYA LEVITOVA
HAFSA S. MANSOOR
SANA MAYAT
DANIEL A. PEÑA
VIVAKE PRASAD
MAX SELVER
MAGGIE TURNER
EMILY K. WANGER
RACHAEL WYANT
SYDNEY ZAZZARO

December 10, 2025

**Via ECF**

Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
New York, NY 11201

    Re: *Pierce v. Ryder et al.*, Case No. 21-cv-3482 (PKC)(JRC)

Dear Judge Chen:

  On behalf of Plaintiff Brigid Pierce, we write in opposition to Defendants' motion for sanctions under Rule 37(c)(1)(B).

  Defendants seek the severe and extreme remedy of an adverse inference instruction because Ms. Pierce did not disclose medical records—which neither Ms. Pierce nor undersigned counsel have ever had in their possession—from a single neurology appointment that took place in France in May 2024,[1] more than one year after discovery closed. As Ms. Pierce's testimony indicates, this single appointment simply involved the prescription of a medication to her. It did not involve imaging or diagnostic testing that would have any bearing on Dr. Nadkarni's or Dr. April's assessments in this case. Defendants seek to exploit the inadvertent non-disclosure of a single medical appointment in a foreign country after discovery closed to obtain an enormously prejudicial adverse instruction that will unjustifiably poison the jury against Ms. Pierce. The appropriate remedy is simply to strike the testimony at 688:12-689:7.

---

[1] Ms. Pierce did not testify about the exact date of the appointment at trial. Since the trial, she reviewed her calendar and determined that the appointment took place in May 2024.

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 2

  To obtain an adverse instruction, "[i]t is not sufficient for the moving party merely to point to the fact that the opposing party has failed to produce requested information." *Orbit One Comm'cns, Inc. v. Numerex Corp.*, 271 F.R.D. 429, 439 (S.D.N.Y. 2010); *accord Mitchell v. Fishbein*, No. 01-cv-2760, 2007 WL 2669581, at *5 (S.D.N.Y. Sept. 13, 2007) (where "the only evidence that [the moving party] has adduced suggesting that the unproduced [discovery] would be unfavorable to [the non-moving party] is the non-production itself," that is not sufficient for making an adverse inference (quoting *Cortes v. Peter Pan Bus Lines, Inc.*, 455 F.Supp.2d 100, 103 (D. Conn. 2006)). That is all Defendants have done here. The Court should deny their motion.

  "In the absence of bad faith or other sufficiently egregious conduct, 'it cannot be inferred from the conduct of the spoliator that the evidence would even have been harmful to him.'" *Orbit One Comm'cns, Inc.*, 271 F.R.D. at 439 (quoting *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 221 (S.D.N.Y. 2003)). Defendants "must therefore affirmatively 'demonstrate that a reasonable trier of fact could find that the missing [evidence] would support [Defendants'] claims.'" *Id.* (quoting *Zubulake*, 220 F.R.D. at 221). The requirement that Defendants show "that the destroyed evidence would have been favorable to them . . . is equally true in cases of gross negligence or recklessness." *Zubulake*, 220 F.R.D. at 221. Indeed, "where the culpable party was negligent, there must be extrinsic evidence to demonstrate that the destroyed evidence was relevant *and* would have been unfavorable to the destroying party." *Great N. Ins. Co. v. Power Cooling, Inc.*, No. 06-cv-874, 2007 WL 2687666, at *11 (E.D.N.Y. Sept. 10, 2007) (emphasis added) (quoting *De Espana v. American Bureau of Shipping*, No. 03-cv-3573, 2007 WL 1686327, at *2 (S.D.N.Y. June 6, 2007)).

  Defendants have not shown and cannot show that Ms. Pierce's nondisclosure of records or a medical release from a French physician she saw once more than one year after discovery closed was bad faith or egregious conduct. It was, at most, ordinary negligence. And Defendants lack the requisite extrinsic evidence to show that records from Ms. Pierce's single neurology appointment would have been favorable to them. To the contrary, her trial testimony that the appointment simply involved prescription of a medication suggests that the appointment established ongoing treatment for her symptoms—which would be favorable to Ms. Pierce, not Defendants. Thus, Defendants have not met their burden to show that these medical records would have been favorable to them, precluding an adverse inference instruction under well-settled case law in this Circuit. *See, e.g., Orbit One Comm'cns, Inc.*, 271 F.R.D. at 439; *Zubulake*, 220 F.R.D. at 221; *Great N. Ins. Co.*, 2007 WL 2687666, at *11

  In addition, and critically, "[t]he suggestive force of the adverse inference instruction is precisely the reason for the court's careful analysis before ordering it." *Klezmer v. Buynak,* 227 F.R.D. 43, 52 (E.D.N.Y. 2005). Courts, both in this Circuit and sister Circuits, have regularly held that the imposition of an adverse inference instruction is "an extreme sanction" that "should not be given lightly." *Zubulake,* 220 F.R.D. 212 at 220; *see also Lokai Holdings LLC v. Twin Tiger USA LLC*, No. 15-cv-9363, 2018 WL 1512055, at *8 (S.D.N.Y. Mar. 12, 2018) (describing adverse inference instructions as "particularly harsh"); *Gerges v. LGA 2020 JV LLC*, No. 22-cv-6993, 2025 WL 1272922, at *2 (E.D.N.Y. Feb. 28, 2025) (finding that "an adverse inference instruction . . . is among the most severe measures." (internal quotations omitted)); *Rimkus Consulting Group, Inc. v. Cammarata*, 688 F. Supp. 2d 598, 619 (S.D. Tex. 2010) ("adverse

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 3

inference instructions . . . are properly viewed as among the most severe sanctions a court can administer."). "Even a permissive adverse inference instruction is a severe remedy, as it informs the jury of a party's potential misconduct, which 'may be difficult for the sanctioned party to overcome.'" *Johnson v. Perry*, No. 15-cv-403, 2018 WL 623574, at *3, 2018 U.S. Dist. LEXIS 15302 (S.D.N.Y. Jan. 30, 2018), aff'd, 763 F. App'x 81 (2d Cir. 2019) (quoting *DeCastro v. Kavadia*, 309 F.R.D. 167, 182 (S.D.N.Y. 2015)).

The "most severe" and "particularly harsh" of an adverse inference instruction is plainly inappropriate here. Ms. Pierce did not act with gross negligence or bad faith by failing to disclose a single visit to a French medical provider amidst her years of medical treatment reflected in hundreds of pages of neurological and ophthalmological records spanning years, all of which Defendants have in their possession. As the Court knows, Defendants have attempted to make much of various issues related to medical records in this case. But the simple reality is that (i) Ms. Pierce provided Defendants releases for every treatment provider she had during the discovery period, and (ii) Ms. Pierce has promptly disclosed every medical record she has had in her possession throughout this case.

Defendants make an accusation of negligence while simultaneously failing to demonstrate that the non-produced documents would have been favorable to them, instead basing such a claim on their own pure speculation. An adverse inference instruction is inappropriate as a matter of law under these circumstances, and it would improperly poison the jury against Ms. Pierce when such severe prejudice is not remotely warranted.

Accordingly, the Court should deny Defendants' motion for an adverse instruction. As stated above, the appropriate remedy is simply to strike the testimony at 688:12-689:7.

Respectfully submitted,

/s/
Ilann M. Maazel
Max Selver

cc.   All counsel of record via ECF.