

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**ELISSA B. JACOBS**
*Senior Counsel*
Tel: (212) 356-3540
ejacobs@law.nyc.gov

December 10, 2025

**By ECF**
Honorable Pamela K. Chen
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>Brigid Pierce v. Joseph Ryder, et al.</u>
                21-CV-3482 (PKC) (JRC)

Your Honor:

      I am a Senior Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York and one of the attorneys representing defendants City of New York, Joseph Ryder, Danielle Moses, and Michael Said (collectively "defendants") in the above-referenced matter. We write to respond to oppose plaintiff's request to unilaterally waive nominal damages.

      In support of her contention that plaintiff could unilaterally waive her nominal damages, plaintiff relied on <u>Vilkhu v. City of New York, et al.</u>, 372 Fed. Appx. 222 (2d Cir. 2010). However, <u>Vilkhu</u> does not permit plaintiff to unilaterally waive a nominal damages charge. It is well-settled that nominal damages must be awarded where a plaintiff prevails on a claim for violation of a substantive constitutional right, but has not proven any compensatory damages. <u>See</u>, <u>Gibeau v Nellis</u>, 18 F3d 107, 110 (2d Cir. 1994) (citing <u>Smith v. Coughlin</u>, 748 F.2d 783, 789 (2d Cir. 1984)); <u>see</u> <u>also</u>, <u>Carey v. Piphus</u>, 435 U.S. 247, 267 (1978). Plaintiff's contention that it is the plaintiff's sole right to waive a nominal damages charge lacks foundation and his reliance on the Second Circuit's decision in <u>Vilkhu</u> is overstated. In <u>Vilkhu</u>, the District Court articulated multiple grounds for denying a post-trial motion based on the failure to deliver a nominal damages charge and the Circuit upheld that decision "for substantially the same reasons," without articulating any controlling decision or reasoning on this issue. <u>See</u>, <u>Vilkhu v. City of N.Y., et al.</u>, 372 Fed. Appx. 222, 223 (2d Cir. 2010).

    Indeed, the omission of a nominal damages charge does not solely impact the plaintiff. As Judge Cote has noted, omitting a nominal damages charge on request of the plaintiff could give "the jury a false signal regarding the impact of their verdict on a plaintiff's rights and force[] them wrongly to conclude that they [have] to make an award of compensatory damages even when the evidence [does] not warrant one." Randolph v. Metro. Transp. Auth., No. 17 Civ. 1433 (DLC), 2019 U.S. Dist. LEXIS 62148, at *28-29 (SDNY Apr. 11, 2019). Thus, defendants believe it is appropriate to charge the jury on nominal damages.

    Should the Court permit plaintiff to waive nominal damages, and the jury awarded zero damages, defendants contend that failing to provide a nominal damages charge would result in the failure of plaintiff's claims. The purpose of nominal damages is to "ensure that certain rights remain actionable regardless of their consequences in terms of compensable injury." Randolph v. Metro. Transp. Auth., No. 17 Civ. 1433 (DLC), 2019 U.S. Dist. LEXIS 62148, at *27 (S.D.N.Y. Apr. 11, 2019) (citing Amato v. City of Saratoga Springs, 170 F.3d 311, 318 (2d Cir. 1999); see also Carey, 435 U.S. at 266 (making procedural due process claim actionable by allowing award of nominal damages); Brooker v. State, 206 A.D.2d 712, 614 N.Y.S.2d 640 (N.Y. App. Div. 3d Dept. 1994) (allowing recovery of only nominal damages for battery that resulted in no actual injury).

    For all of the foregoing reasons, defendants respectfully submit that the jury should be charged on nominal damages.

Respectfully submitted,

/s/ *Elissa B. Jacobs*

Elissa B. Jacobs
*Senior Counsel*
Special Federal Litigation Division

cc:    All Counsel of Record (via ECF)